Mancel E. TEDDER, Plaintiff-Appellant,

v.

F.M.C. CORPORATION et al., Defendants.

Appeal of F.M.C. CORPORATION.

No. 78–2671
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Feb. 21, 1979.

---

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

Hackman & Lewis, Randell O. Lewis, Boutte, La., for plaintiff-appellant.

Milling, Benson, Woodward, Hillyer & Pierson, James K. Irvin, M. Truman Woodward, Jr., Frederick R. Bott, New Orleans, La., for defendant-appellee.

Before COLEMAN, FAY and RUBIN, Circuit Judges.

PER CURIAM:

Mancel Tedder, injured while on the job, filed this negligence suit in Louisiana state court. He named as defendants F.M.C. Corporation (F.M.C.), the manufacturer of a crane allegedly involved in the accident, and Charles Thomas, L. Z. Henry, Bobby Hall, and M. L. Aleman, all said to be officers, directors, or employees of Tedder's employer, J. A. Jones Construction.

Tedder is a resident of Louisiana. F.M.C. is a Delaware corporation, with its principal place of business in Illinois. Thomas and Henry are residents of Mississippi, but Hall and Aleman are residents of Louisiana.

F.M.C. petitioned for removal of the case to federal district court, contending that the joinder of Hall and Aleman was for the fraudulent purpose of defeating federal jurisdiction and that lack of complete diversity could not be raised as a bar to removal. The district court removed the case, denied Tedder's motion to remand to state court, and granted the motion of Thomas, Henry, Hall, and Aleman to dismiss for failure to state a claim upon which relief may be granted. After Tedder failed to comply with the court's order to make his pleadings more definite, the court granted F.M.C.'s unopposed motion for dismissal under Fed. R.Civ.P. 41(b) or for summary judgment under Fed.R.Civ.P. 56 and entered a final judgment.

On appeal, Tedder contends that the joinder of two nondiverse defendants was not fraudulent and that the case should have been remanded to state court. The defendants argue that dismissal, rather than remand, was correct under recent amendments to the Louisiana workmen's compensation statute, LSA–R.S. 23:1032; 23:1101 (Supp.1978).

Whether the case was properly removed is determined by reference to the allegations in a plaintiff's state court pleading. *Pullman Co. v. Jenkins,* 1939, 305 U.S.

534, 537, 59 S.Ct. 347, 349, 83 L.Ed. 334, 338. If there is no arguably reasonable basis for predicting that state law might impose liability on the resident defendants under the facts alleged, then the claim is deemed fraudulent and lack of diversity will not prevent removal. *Bobby Jones Garden Apartments v. Suleski,* 5 Cir. 1968, 391 F.2d 172, 176–77; *Parks v. New York Times Co.,* 5 Cir. 1962, 308 F.2d 474, 478; *Covington v. Indemnity Ins. Co.,* 5 Cir. 1958, 251 F.2d 930, 933–34, *cert. denied,* 357 U.S. 921, 78 S.Ct. 1362, 2 L.Ed.2d 1365.

■ Accepting as true every fact alleged in Tedder's state court petition, there is no such reasonable basis for predicting that he could prevail under Louisiana law as it stands today. Before October 1, 1976, an injured employee could sue a third party, including fellow workers, executive officers, and directors of his employer, in addition to collecting workmen's compensation benefits. LSA–R.S. 23:1032 and 1101 were amended before Tedder's accident, abolishing this cause of action and making compensation the employee's exclusive remedy against those parties. There are two relevant exceptions to this exclusivity rule: (1) intentional acts by a fellow employee, and (2) acts by a fellow employee outside the course and scope of his employment. Tedder's brief argues that "factual circumstances" bring his case within these exceptions, but his petition alleges that he was injured "solely by the negligence of the defendants" who were, like Tedder, working for J. A. Jones Construction. Tedder has alleged no set of facts which would circumvent the broad grant of immunity from liability now conferred on fellow employees; therefore, he has failed to state a cause of action against defendants Thomas, Henry, Hall, and Aleman.

■ In his brief on appeal, Tedder has not specified in what way the district court's judgment in favor of F.M.C. was in error. Although the point is raised in the statement of issues, the issue is not ad- dressed anywhere else in the brief. We treat this issue, therefore, as abandoned by appellant. *See Galtieri v. Wainwright,* 5 Cir. 1978, 582 F.2d 348, 352 n. 8; *Davis v. Hill Engineering, Inc.,* 5 Cir. 1977, 549 F.2d 314, 324.

For the foregoing reasons, the judgment of the district court is AFFIRMED.