Tony R. AYOUB, Plaintiff,

v.

**Brian BAGGETT, et al., Defendants.**

**Civ. A. No. H–92–3455.**

United States District Court,
S.D. Texas.

April 23, 1993.

---

Mark A. Ticer, Dallas, TX, for plaintiff.

Stephen Pate, Houston, TX, for defendants.

### MEMORANDUM

HUGHES, District Judge.

1. *Introduction.*

An individual may not sue an employee of an insurance company for the unfair trad-

---

ing the payment of a minimum royalty. *See* above at 295–96. The court today reaches the same conclusion.

practices of that company even if the acts were performed for the company by the employee. The joinder of the employee to defeat diversity is a fraud.

## 2. *The Claim.*

Ayoub lost his restaurant when it burned. According to Ayoub, Truck Insurance Company delayed in paying the proceeds of its insurance policy with Ayoub. Specifically, Ayoub says that Brian Baggett, an employee of Truck Insurance, stalled in his investigating and adjusting the claim, violating state insurance laws and causing Ayoub to lose employees and profits. *See* Tex.Ins.Code Ann. art. 21.21 (1981 & Supp.1993). Ostensibly because of Baggett's conduct, Ayoub sued both the company and the employee.

## 3. *The Diversity Issue.*

There is no dispute over the citizenship of the parties. Ayoub is a citizen of Texas. Truck Insurance is a California corporation with its principal place of business in California. Baggett is a citizen of Texas. Complete diversity does not exist, and remand is compelled unless Baggett was included as a party defendant without a plausible legal basis.

Baggett was improperly joined if Ayoub has no possibility of establishing a valid cause of action against him. *Laughlin v. Prudential Ins. Co.*, 882 F.2d 187, 190 (5th Cir.1989). In this case, a single question decides the issue: Does Texas law allow a cause of action against an employee of an insurance company as well as the insurance company itself for abusive trade practices?

## 4. *The Insurance Code.*

■ Texas law allows an individual who has been damaged by abusive trade practices to bring an action against the "person or persons engaging in such acts or practices." Tex.Ins.Code Ann. art. 21.21, § 16 (Supp. 1993). A person is defined as:

> any individual, corporation, association, reciprocal exchange, inter-insurer, Lloyds insurer, fraternal benefit society, and any other legal entity engaged in the business of insurance, including agents, brokers, adjusters, and life insurance counselors.

Tex.Ins.Code Ann. art. 21.21, § 2(a) (Supp. 1993).

Ayoub asserts that he clearly can bring a suit directly against Baggett because the term "adjuster" is specifically listed in the statute in addition to insurers, and because Baggett works as a claims adjuster for the insurance company.

Whether an individual can bring a suit under the statute against an employee of an insurance business has not been directly decided by Texas courts. This is not a case where a separate company that has been retained by the insurance company to perform adjusting duties has been sued. *See Wm. H. McGee & Co. v. J.H. Schick*, 792 S.W.2d 513 (Tex.Ct.App.–Eastland 1990, writ. dism'd by agr. 1992). This is not a case where an employee-adjuster has been sued for an independent common-law tort. *See Natividad v. Alexsis, Inc.*, 833 S.W.2d 545 (Tex.Ct.App.–El Paso 1992) (negligent infliction of emotional distress).

■ This is a case where a full-time employee of an insurance business happens to be the medium of its unfair trade practices in his role as an adjuster. Under Ayoub's theory, an individual employee of a traditional insurance company could act as a "broker, adjuster, or counselor" and be liable, while an identical employee who acted *only* as an issuer, investigator, or accountant in the same transaction could not be held liable, because of the particular words in the statute.

The purpose of the unfair practices provisions of the Insurance Code is to "regulate trade practices in the business of insurance." Tex.Ins.Code Ann. art. 21.21, § 1(a) (Supp. 1993). Its focus and its reach go to the business entities that provide insurance, not the employees of those providers. To hold otherwise would be to conclude that Texas intended to put every individual employee of an insurance provider at risk of liability for the trade practices of the employer. Nothing in the statute regulating the businesses in the insurance field suggests that private claims against individual employees are part of the Texas scheme.

In fact, given the relative financial positions of most companies versus their employees, the only time an employee is going to be sued is when it serves a tactical legal purpose, like defeating diversity. Ayoub has no other plausible reason for bringing Baggett into this case.

### 5. *Conclusion.*

The Insurance Code cannot be construed to allow a suit against an employee of an insurance company. Since the case against Baggett cannot be maintained, his joinder is fraudulent, and the case will remain in federal court. Because the operative facts of this case were in the Dallas metropolitan area, as well as likely witnesses, the case will be transferred to the Northern District of Texas.