Ali **ARZEHGAR**, Sirus Daneshparshi, Abodlah Rezaie, and Loranda Williams, Plaintiffs,

v.

Velvet **DIXON**, Jim Phelps, and United States Fidelity and Guaranty Company, Defendants.

Civ. A. No. H–93–1300.

United States District Court, S.D. Texas, Houston Division.

Aug. 18, 1993.

---

Alfonzo Welch, Houston, TX, for plaintiffs.

David J. Van Susteren, Fulbright & Jaworski, Houston, TX, for defendants.

## MEMORANDUM AND ORDER

CRONE, United States Magistrate Judge.

Pending before the court is Plaintiffs' Motion to Remand (Docket Entry # 4). The court, after considering the motion, Defendants' response, the submissions of the parties and the applicable law, is of the opinion that the motion should be denied.

### I. *Background.*

On March 23, 1993, Plaintiffs Ali Arzehgar, Sirus Daneshparshi, Abodlah Rezaie, and Loranda Williams filed their Original Petition claiming unfair insurance claim settlement practices in County Court at Law # 3 of Harris County, Texas. The petition names Velvet Dixon ("Dixon"), Jim Phelps ("Phelps") and United States Fidelity and Guaranty Company ("USF & G) as defendants. Plaintiffs allege *inter alia* that "Plaintiffs' (sic) have made many attempts to settle this claim with Defendant USF & G, but thru (sic) its agents VELVET DIXON and JIM PHELPS, have committed unfair claims settlement practices failing to properly investigate these claims before denying liability." Petition ¶ II. Plaintiffs further allege that "Plaintiffs, as third-party beneficiaries of the Insurance contract, has (sic) made demand upon Defendant for payment of benefits under said policy and Defendants have, thru (sic) their agents, VELVET DIXON and JIM PHELPS committed unfair claims settlement practices by denying these claims without conducting an investigation." Petition ¶ III. Plaintiffs base their suit on TEX.BUS. & COM.CODE § 17.41 *et seq.* ("DTPA") and TEX.INS.CODE art. 21.21.

On April 30, 1993, Defendants removed the case to this court on the basis of diversity of

citizenship, alleging that the two non-diverse defendants, Dixon and Phelps, were fraudulently joined and should be disregarded for diversity purposes. At the time of the incident giving rise to this case, both Dixon and Phelps were employees of USF & G. Dixon was the local claims adjustor, and Phelps was the local claims manager.

On May 19, 1993, Plaintiffs filed their motion to remand, asserting that Dixon and Phelps were not fraudulently joined, but were necessary and proper parties to this suit. They contend that because Dixon and Phelps are citizens of Texas, as are Plaintiffs, diversity jurisdiction does not exist, and this case should be remanded to county court.

## II. *Analysis.*

▪ If Dixon and Phelps were fraudulently joined, their presence should be disregarded when assessing the existence of diversity jurisdiction and determining the propriety of removal. *See Carriere v. Sears, Roebuck & Co.,* 893 F.2d 98, 101–02 (5th Cir.), *cert. denied,* 498 U.S. 817, 111 S.Ct. 60, 112 L.Ed.2d 35 (1990); *Alcom Elec. Exch., Inc. v. Burgess,* 849 F.2d 964, 969 (5th Cir. 1988); *Tedder v. F.M.C. Corp.,* 590 F.2d 115, 117 (5th Cir.1979); *Villar v. Crowley Maritime Corp.,* 780 F.Supp. 1467, 1473 (S.D.Tex. 1992), *aff'd,* 990 F.2d 1489 (5th Cir.1993). In order to establish fraudulent joinder, the removing party must show either that there is no possibility that plaintiff will be able to establish a cause of action against the in-state defendant or that there has been outright fraud in plaintiff's pleading of jurisdictional facts. *See LeJeune v. Shell Oil Co.,* 950 F.2d 267, 271 (5th Cir.1992); *Laughlin v. Prudential Ins. Co.,* 882 F.2d 187, 190 (5th Cir.1989); *Robinson v. National Cash Register Co.,* 808 F.2d 1119, 1123 (5th Cir.1987); *B., Inc. v. Miller Brewing Co.,* 663 F.2d 545, 549 (5th Cir.1981); *Villar,* 780 F.Supp. at 1473. The determination of the question of fraudulent joinder is based on the causes of action alleged in the complaint as it existed at the time of removal. *See Tedder,* 590 F.2d at 116; *Coughlin v. Nationwide Mut. Ins. Co.,* 776 F.Supp. 626, 628 (D.Mass.1991); *Ford v. Murphy Oil U.S.A., Inc.,* 750 F.Supp. 766, 769 (E.D.La.1990); *Gray v. United States Fidelity & Guar.,* 646 F.Supp. 27, 29 (S.D.Miss.1986).

The question of whether an employee of an insurance company can be held personally liable for allegedly unfair claim settlement practices under art. 21.21 of the Insurance Code or the DTPA has not been directly addressed by the courts of Texas. The Texas courts have held, however, in a similar context, that while Texas law imposes a duty of good faith and fair dealing on insurance carriers and possibly on adjusting firms, the duty does not extend to individual employees of insurance or adjusting companies. *See Natividad v. Alexsis, Inc.,* 833 S.W.2d 545, 548 (Tex.App.—El Paso 1992), writ granted, 36 Tex.Sup.Ct.J. 98, 99 (Oct. 24, 1992); *Hartford Cas. Ins. Co. v. Walker Cty. Agency,* 808 S.W.2d 681, 686 (Tex.App.—Corpus Christi 1991, no writ).

▪ Generally, an agent is not personally liable on contracts made on behalf of his principal, if the agent was acting within the scope of his authority. *Corpus Christi Dev. Corp. v. Carlton,* 644 S.W.2d 521, 523 (Tex. App.—Corpus Christi 1982, no writ). When an agent exceeds his authority under the agency agreement, he becomes personally liable. *See Schwarz v. Straus–Frank Co.,* 382 S.W.2d 176, 178 (Tex.Civ.App.—San Antonio 1964, writ ref'd n.r.e.). An agent may also be held liable for misrepresentations to an insured. *See GAB Business Serv. v. Moore,* 829 S.W.2d 345, 349 (Tex.App.—Texarkana 1992, no writ); *State Farm Fire & Cas. Co. v. Gros,* 818 S.W.2d 908, 913 (Tex. App.—Austin 1991, no writ).

▪ In this case, there are no allegations in the petition that Dixon or Phelps were acting outside the scope of their authority or that they made any misrepresentations to Plaintiffs. Although naming Dixon and Phelps as additional defendants, the thrust of the petition is directed toward USF & G. In many instances, the petition mentions just one "Defendant," including the counts for punitive, exemplary and extracontractual damages, which clearly refers to USF & G, not Dixon and Phelps. Indeed, Dixon and Phelps appear to have been added only as an afterthought, as Plaintiffs' counsel failed to revise the petition in many places to expand

the reach of the allegations beyond USF & G. *See* Petition ¶¶ V, VII, VIII, X. In fact, Plaintiffs allege in paragraph V:

Whenever in this Petition it is alleged that the Defendant did any act or thing, it is meant that Defendant's officers, agents, servants, employees or representatives did such act or things and that at the time such act or thing was done, it was done with a full authorization or ratification of Defendant or was done in the normal or routine course and scope of employment of Defendant's officers, agents, servants, employees, or representatives.

There are no allegations in the petition that Dixon and Phelps were acting in anything other than a representative capacity or that they personally engaged in any deceptive or unfair practices in connection with Plaintiffs' claims.

Furthermore, as noted by the court in *Ayoub v. Baggett,* 820 F.Supp. 298, 299–300 (S.D.Tex.1993):

The purpose of the unfair practices provisions of the Insurance Code is to "regulate trade practices in the business of insurance." Tex.Ins.Code Ann. art. 21.21, § 1(a) (Supp.1993). Its focus and its reach go to the business entities that provide insurance, not the employees of those providers. To hold otherwise would be to conclude that Texas intended to put every individual employee of an insurance provider at risk of liability for the trade practices of the employer. Nothing in the statute regulating the businesses in the insurance field suggests that private claims against individual employees are part of the Texas scheme.

In fact, given the relative financial positions of most companies versus their employees, the only time an employee is going to be sued is when it serves a tactical legal purpose, like defeating diversity. Ayoub has no other plausible reason for bringing Baggett into this case.

Here, Plaintiffs, likewise, have no other plausible reason for bringing Dixon and Phelps into this case.

Accordingly, this court concludes that based on Plaintiffs' Original Petition, there is no possibility that Plaintiffs will be able to establish a cause of action against Dixon and Phelps. *See Silva v. Transp. Ins. Co.,* 1993 WL 76917 at *2–3, 8, 1993 U.S.Dist. LEXIS 3371, at *8, 12 (S.D.Tex. Mar. 16, 1993); *Haines v. National Union Fire Ins. Co.,* 812 F.Supp. 93, 96 (S.D.Tex.1993). Thus, they were fraudulently joined in an effort to prevent removal, and their presence does not defeat this court's jurisdiction. Therefore, remand is not warranted.

III. *Conclusion.*

Because the non-diverse Defendants, Dixon and Phelps, were fraudulently joined, Plaintiffs' Motion to Remand is DENIED.