**Russell FRENCH, Plaintiff,**

v.

**STATE FARM INSURANCE CO. and Paul Everling, Defendants.**

**Civ. A. No. H–94–1147.**

United States District Court,
S.D. Texas,
Houston Division.

July 11, 1994.

---

Paul S. Jacobs, Mallia & Jacobs, Houston, TX, for plaintiff.

Joseph F. Nistico, Jr., Fulbright & Jaworski, Houston, TX, for defendants.

### MEMORANDUM AND ORDER

CRONE, United States Magistrate Judge.

Pending before the court is Plaintiff Russell French's ("French") Motion to Remand (Docket Entry # 4). After review of the motion, the submission of the parties, the pleadings, and the applicable law, this court is of the opinion that French's motion should be denied.

### I. *Background.*

On February 25, 1994, French filed his original petition in Harris County District Court seeking redress for the refusal of defendants State Farm Insurance Company ("State Farm") and Paul Everling ("Everling") to tender monies allegedly owed French under the terms of his uninsured/underinsured automobile insurance policy. In the petition, French alleges claims for breach of contract, breach of the duty of good faith and fair dealing, and violations of the Texas Insurance Code. These claims appear to be directed only against State Farm. French also alleges a cause of action for negligent claims handling against Everling, the adjuster at State Farm who handled French's claim.

On April 5, 1994, defendants timely removed the case to federal court. In the notice of removal, State Farm contends that Everling, a non-diverse defendant, was fraudulently joined for the sole purpose of defeating diversity jurisdiction.

On May 23, 1994, French filed a motion to remand, alleging that neither State Farm nor Everling had presented clear and convincing evidence to support their allegation of fraudulent joinder. French further alleges that defendants' removal of this case to federal court was without any justifiable basis and was filed for the purpose of delay and harassment. Consequently, French requests the court to sanction State Farm and Everling in an amount of not less than $1,000.00 and to remand the case to state court.

In their response to the motion to remand, defendants assert that Texas does not recognize a cause of action for negligent claims handling. They further assert that Everling cannot be held personally liable for breach of contract, breach of the duty of good faith and fair dealing, or violations of the Texas Insurance Code. Thus, defendants contend that Everling's joinder as a defendant in this action was fraudulent. Accordingly, it is the defendants' position that removal of the case was proper and that this court should retain jurisdiction to consider the claims against State Farm.

### II. *Analysis.*

#### A. *The Applicable Standard.*

▪ If a defendant has been fraudulently joined, his presence must be disregarded by the court when determining the existence of diversity jurisdiction and assessing the propriety of removal. *See Carriere v. Sears, Roebuck & Co.,* 893 F.2d 98, 101–02 (5th Cir.), *cert. denied,* 498 U.S. 817, 111 S.Ct. 60, 112 L.Ed.2d 35 (1990); *Alcom Elec. Exch., Inc. v. Burgess,* 849 F.2d 964, 969 (5th Cir. 1988); *Tedder v. F.M.C. Corp.,* 590 F.2d 115, 117 (5th Cir.1979); *Villar v. Crowley Maritime Corp.,* 780 F.Supp. 1467, 1473 (S.D.Tex. 1992), *aff'd,* 990 F.2d 1489 (5th Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 690, 126 L.Ed.2d 658 (1994).

▪ In order to establish fraudulent joinder, the removing party must show either that there is no possibility that the plaintiff will be able to establish a cause of action against the in-state defendant or that there has been outright fraud in the plaintiff's pleading of jurisdictional facts. *See LeJeune v. Shell Oil Co.,* 950 F.2d 267, 271 (5th Cir. 1992); *Laughlin v. Prudential Ins. Co.,* 882 F.2d 187, 190 (5th Cir.1989); *B., Inc. v. Miller Brewing Co.,* 663 F.2d 545, 549 (5th Cir. 1991); *Villar v. Crowley Maritime Corp.,* 780 F.Supp. at 1473. A determination of fraudu-

lent joinder must be based on an analysis of the causes of action alleged in the complaint at the time of removal. *See Tedder v. F.M.C. Corp.*, 590 F.2d at 116; *Coughlin v. Nationwide Mut. Ins. Co.*, 776 F.Supp. 626, 628 (D.Mass.1991); *Ford v. Murphy Oil U.S.A., Inc.*, 750 F.Supp. 766, 769 (E.D.La.1990); *Gray v. United States Fidelity & Guar.*, 646 F.Supp. 27, 29 (S.D.Miss.1986). If no viable claims exist against the non-diverse defendant, his presence must be disregarded for jurisdictional purposes.

## B. *Specific Claims.*

### 1. *Negligent Claims Handling.*

■ In his original petition, French alleges that Everling, acting as an employee, agent, or servant of State Farm, negligently investigated and adjusted his claim. As a result of Everling's allegedly negligent claims handling, French asserts that he has suffered damages, including, but not limited to, mental anguish.

■ While the Texas Supreme Court has never specifically addressed the issue, other courts have refused to recognize a cause of action for negligent claims handling under Texas law. *See Robinson v. State Farm Fire & Cas. Co.*, 13 F.3d 160, 163 (5th Cir. 1994); *United Serv. Auto. Ass'n v. Pennington*, 810 S.W.2d 777, 783–84 (Tex.App.—San Antonio 1991, writ denied). In *Pennington,* the court, while recognizing certain types of tort claims against an insurance carrier, expressly rejected any cause of action for the negligent handling of a claim. *Id.* The court observed that to be found liable in tort, the defendant must breach a duty imposed by law, rather than by contract. *Id.* at 783. Thus, in order for a tort duty to arise out of a contractual duty, *i.e.,* a negligent failure to perform a contract, the liability must arise "independent of the fact that a contract exists between the parties." *Id.* (quoting *Southwestern Bell Tel. Co. v. DeLanney*, 809 S.W.2d 493, 494 (Tex.1991)). If a defendant's conduct is actionable only because it breaches the parties' agreement, the claim is solely contractual in nature. *Id.*

■ A tort claim has been found to arise out of the breach of an insurance carrier's contractual duty in only two instances: (1) when the insurer breaches its duty of good faith and fair dealing or (2) when the insurer fails to exercise ordinary care and prudence in considering an offer of settlement within the policy limits. *Id.* at 783–84 (citing *Viles v. Security Nat'l Ins. Co.*, 788 S.W.2d 566, 567 (Tex.1990); *G.A. Stowers Furniture Co. v. American Indem. Co.*, 15 S.W.2d 544, 547 (Tex.Comm'n App.1929, holding approved)). All other claims, like that asserted here for negligent claims handling, have no legally independent basis and, therefore, are regarded merely as actions for breach of contract. *Id.* Consequently, under Texas law, French appears to have no viable tort action against Everling for the negligent handling of his claim.

### 2. *Breach of Contract.*

■ French, likewise, has no viable contractual claim against Everling. French's contract was with State Farm, not Everling, its agent. Generally, if an agent is acting within the scope of his authority, he is not personally liable on contracts made on behalf of his principal. *Corpus Christi Dev. Corp. v. Carlton*, 644 S.W.2d 521, 523 (Tex.App.—Corpus Christi 1982, no writ). When an agent exceeds his authority under the agency agreement, however, he becomes personally liable. *See Schwarz v. Straus-Frank Co.*, 382 S.W.2d 176, 178 (Tex.Civ.App.—San Antonio 1964, writ ref'd n.r.e.). An agent may also be held liable for misrepresentations to an insured. *See GAB Business Serv. v. Moore*, 829 S.W.2d 345, 349 (Tex.App.—Texarkana 1992, no writ); *State Farm Fire & Cas. Co. v. Gros*, 818 S.W.2d 908, 913 (Tex. App.—Austin 1991, no writ).

In this case, there are no allegations that Everling acted outside the scope of his authority or that he made any misrepresentations to French. Thus, Everling cannot be held personally liable for breach of contract.

### 3. *Duty of Good Faith and Fair Dealing.*

■ French's claim against Everling for breach of the duty of good faith and fair dealing is similarly barred under Texas law. The Texas Supreme Court recently made it clear that "[t]here is no need to extend the duty of good faith and fair dealing owed by

insurance carriers to their insureds to include agents or contractors of the insurance carrier." *Natividad v. Alexis,* 875 S.W.2d 695, 700 (Tex.1994). Agents are not parties to the insurance contract, and there is no special relationship between the insured and the agent giving rise to a duty of good faith and fair dealing. *Id.* at 724. Insurance carriers have a non-delegable duty to the insured and remain liable for actions of their agents or contractors that breach the duty of good faith and fair dealing. *Id.* Thus, French cannot bring a claim for breach of the duty of good faith and fair dealing against Everling in his individual capacity.

### 4. *Insurance Code Violations.*

 Finally, there is no recognized cause of action against Everling in his individual capacity for violations of the Texas Insurance Code. Tex.Ins.Code Ann. art. 21.21 & 21.21–2 (Supp.1994). A violation of the Insurance Code does not render an employee of an insurance company personally liable. *See Arzehgar v. Dixon,* 150 F.R.D. 92, 95 (S.D.Tex.1993); *Ayoub v. Baggett,* 820 F.Supp. 298, 299–300 (S.D.Tex.1993). As noted in *Ayoub,* the purpose of the unfair practices provisions of the Texas Insurance Code is to "regulate trade practices in the business of insurance." *Id.* at 299. The focus and reach of the Insurance Code go to the business entities that provide insurance, not the employees of those providers, and nothing in the statute suggests that private claims against individual employees are part of the regulatory scheme. *Id.* In *Ayoub,* the court refused to impose liability upon an employee of an insurance company, commenting that to hold otherwise would be to conclude that Texas intended to put every individual employee of an insurance provider at risk of liability for the trade practices of his employer. *Id.* Likewise, in the instance case, French has no cognizable claim against Everling for violation of the Texas Insurance Code.

### III. *Conclusion.*

As the court observed in *Ayoub,* "given the relative financial positions of most companies versus their employees, the only time an employee is going to be sued is when it serves a tactical legal purpose, like defeating diversity." *Id.* at 300. Here, there is no other plausible reason for bringing Everling into this case. The court concludes, therefore, that Everling was fraudulently joined and his presence does not deprive this court of jurisdiction. Therefore, remand of this case is not warranted.

Accordingly, French's motion to remand and for sanctions is DENIED. French's claims against Everling are DISMISSED WITH PREJUDICE and Everling is DISMISSED as a party to this action.

IT IS SO ORDERED.