**J.D. TENNER and Regina Tenner,**

v.

**The PRUDENTIAL INSURANCE
COMPANY OF AMERICA,
et al.**

No. 1:94–CV 125.

United States District Court,
E.D. Texas,
Beaumont Division.

Dec. 12, 1994.

David L. Sheller, Houston, TX, for plain-
tiffs.

Kathleen Reilly Richards, James J.
McConn Jr., Hayes McConn Rice & Picker-
ing, Houston, TX, for defendant.

*Background*

COBB, District Judge.

The Plaintiffs, J.D. and Regina Tenner
(Tenners), purchased two whole life insur-
ance policies from Defendant, Prudential In-
surance Company of America (Prudential),
for the sum of $35,427.00 in June of 1991.
Plaintiffs allege that the agents in charge of

the sale, Janet Wiley f/k/a Janet Willis (Wiley) and Sam Chainani (Chainani), affirmatively misrepresented to them that the policies were paid in full and that no further premiums would be due. In February, 1992, Plaintiffs received a notice from Prudential that they owed an additional $6,713.50 for the annual premiums due under the two policies.

Plaintiffs brought an action against Prudential, Wiley and Chainani in state court alleging violations of the Texas Deceptive Trade Practices–Consumer Protection Act § 17.50(a)(2) and breach of the common law duty of good faith and fair dealing.[1]

Defendants removed the case to this court on the basis of diversity jurisdiction.[2] 28 U.S.C. § 1441. Defendants maintain that Wiley and Chainani[3] were fraudulently joined to this suit and, therefore, removal was proper. The Tenners contend that the joinder of Wiley and Chainani was proper since they have a colorable claim against one, or both, of these defendants. If either Wiley or Chainani are allowed to continue as defendants, diversity jurisdiction will be defeated and the case must be remanded to state court. *See* 28 U.S.C. § 1447(c).

This court now considers Plaintiffs' Motion to Remand.

### Discussion

#### A.

The entire remand issue turns on whether Prudential's agent, Wiley, can be sued in her individual capacity under the DTPA for the misrepresentations she allegedly made to the Tenners. If an action can be maintained against Wiley in her individual capacity, her joinder to this action is proper and diversity jurisdiction will be defeated. It appears, based on the facts alleged, that the Tenners have a viable claim against Wiley. This

court, lacking subject matter jurisdiction, must remand the case.

■ To establish that a particular joinder is fraudulent, the removing party bears the burden of showing: (1) that there is *no* possibility that the plaintiff will be able to establish a cause of action against the in-state defendant; or (2) that there has been outright fraud in the plaintiff's pleading of the jurisdictional facts. *LeJeune v. Shell Oil Co.,* 950 F.2d 267, 271 (5th Cir.1992); *Laughlin v. Prudential Ins. Co,* 882 F.2d 187, 190 (5th Cir.1989). "Fraudulent joinder must be established by clear and convincing evidence." *Grynberg Production Corp. v. British Gas, P.L.C.,* 817 F.Supp. 1338, 1346 (E.D.Tex. 1993), *citing Parks v. New York Times Co.,* 308 F.2d 474, 478 (5th Cir.1962), *cert. denied,* 376 U.S. 949, 84 S.Ct. 964, 11 L.Ed.2d 969 (1964).

■ A determination of fraudulent joinder must be based on an analysis of the causes of action alleged in the complaint at the time of removal. *Tedder v. F.M.C. Corp.,* 590 F.2d 115, 116 (5th Cir.1979); *Ford v. Murphy Oil U.S.A., Inc.,* 750 F.Supp. 766, 769 (E.D.La.1990). If a defendant has been fraudulently joined, his presence must be disregarded by the court when determining the existence of diversity jurisdiction. *Carriere v. Sears, Roebuck & Co.,* 893 F.2d 98, 101–02 (5th Cir.), *cert. denied,* 498 U.S. 817, 111 S.Ct. 60, 112 L.Ed.2d 35 (1990); *Alcom Elec. Exch., Inc. v. Burgess,* 849 F.2d 964, 969 (5th Cir.1988).

#### B.

■ Defendant contends, relying on several federal district court opinions, that it is impossible to maintain a DTPA cause of action against Wiley in her individual capacity. Defendant reads these cases to hold that only Prudential, and not its agent, can be held

---

1. In *Natividad v. Alexis, Inc.,* 875 S.W.2d 695 (Tex.1994), the Texas Supreme Court announced that insurance agents cannot be held individually liable for a breach of their employer's duty of good faith and fair dealing. *Natividad,* 875 S.W.2d at 698. Accordingly, the only claim against agents Wiley and Chainani that this court will consider is the alleged violation of the Texas Deceptive Trade Practices–Consumer Protection Act (DTPA).

2. Plaintiffs are citizens of the state of Texas. Prudential is a corporation incorporated under the laws of the state of New Jersey. Both Chainani and Wiley are citizens of the state of Texas.

3. Chainani was joined as a party to this suit in Plaintiffs' Original Petition. There is now an unopposed motion to dismiss Chainani from the suit.

liable for Wiley's misrepresentations. Accordingly, Defendant maintains that Wiley has been fraudulently joined to this suit. Defendant's interpretation tortures the case law.

Defendant builds most of its argument around *Ayoub v. Baggett,* 820 F.Supp. 298 (S.D.Tex.1993). In *Ayoub,* the insured sued his out-of-state insurer and the insurer's in-state agent, Baggett, for failing to promptly adjust his claim for damage to his place of business caused by accidental fire.[4] Like the case at hand, the insured originally filed in state court only to have the case removed by defendants to federal district court.[5] The federal district court held that an action brought under the Texas Insurance Code for the delinquent handling of a claim can only be maintained against the insurer. The court reasoned that since the purpose of the code is to regulate insurers, and not their agents, only the insurer is subject to liability under the Texas Insurance Code. *Ayoub,* 820 F.Supp. at 299. Accordingly, the court found that Baggett had been fraudulently joined, that he should be dismissed from the case, and that retaining diversity jurisdiction was proper.

Defendant appears to miss, however, that the holding in *Ayoub* is limited to those situations where the insurer's agent just "... happens to be the medium of its [the insurers] unfair trade practices in his role as *adjuster.*" *Ayoub,* 820 F.Supp. at 299 (emphasis added). The court explicitly distinguishes this type of case from one in which the agent's actions constitute an independent common-law tort. *Ayoub,* 820 F.Supp. at 299. The *Ayoub* court is merely restating the long-standing common law tradition that when an agent is acting within the scope of his authority, he is shielded from liability by his principal. *Corpus Christi Dev. Corp. v. Carlton,* 644 S.W.2d 521, 523 (Tex.App.— Corpus Christi 1982, no writ).

The case at hand, however, bears only a superficial resemblance to the case in *Ayoub.* The Tenners allege in their Original Petition that Wiley made affirmative misrepresentations as to the scope and cost of the policies in question. These allegations appear to be supported by an in-house memo generated by a Prudential employee.[6] This is as case clearly outside the purview of *Ayoub.* Wiley is subject to suit in her individual capacity because she allegedly, unlike Mr. Baggett in *Ayoub:* (1) acted outside the scope of her authority;[7] and (2) made affirmative misrepresentations which may subject her to suit under the (DTPA).

Defendant attempts to argue, in its Response to Plaintiff's Motion to Remand, that because the DTPA and the Texas Insurance Code are interrelated, suit under the Texas Insurance Code precludes an action against the insurer's agent for DTPA violations. Texas law holds to the contrary. In *State Farm Fire & Cas. Co. v. Gros,* 818 S.W.2d 908 (Tex.App.—Austin 1991, no writ), an agent affirmatively misrepresented the scope of coverage for a homeowners policy. The court clearly held that the affirmative misrepresentation by the agent made her individually liable under the DTPA. *Gros* at 913. *See also Light v. Wilson,* 663 S.W.2d 813, 815 (Tex.1983) (Spears, J., concurring) (holding that agent can be individually liable for violations of DTPA) *and GAB Business Services v. Moore,* 829 S.W.2d 345, 349 (Tex.

---

4. Ayoub's claims, unlike the one before the court today, were based solely on violations of the Texas Insurance Code. Tex.Ins.Code Ann. art. 21.21 (1981 & Supp.1993).

5. The insurer and agent in *Ayoub* maintained that diversity jurisdiction supported removal since Baggett had been fraudulently joined to the suit. They asserted that the facts as alleged failed to make out a cause of action against Baggett.

6. The memo in question was written by a Prudential employee in response to the Tenners' inquiry regarding the February 1992 bill. The

investigating employee seems to conclude that the misrepresentations made to the Tenners occurred as a result of "... the agents greed ... [getting] in the way of what the client really wanted ..."

Exhibit A to Defendant's Motion for Remand.

7. *See Schwarz v. Straus–Frank Co.,* 382 S.W.2d 176, 178 (Tex.App.—San Antonio 1964, writ ref'd n.r.e.) (holding that agent acting outside the scope of his authority is individually liable) *and Hartford Cas. Ins. v. Walker County Agency,* 808 S.W.2d 681, 687 (Tex.App.—Corpus Christi 1991, no writ).

App.—Texarkana 1992, no writ). The *Gros* court is not alone. Several other Texas courts have allowed the insured to entertain DTPA suits against insurance agents. *See Hart v. Berko, Inc.,* 881 S.W.2d 502, 505 (Tex.App.—El Paso 1994, writ requested) (court upholds jury verdict finding both insurer and agent liable under both the DTPA and Texas Insurance Code); *Transport Ins. Co. v. Faircloth,* 861 S.W.2d 926, 940 (Tex. App.—Beaumont 1993, writ granted) (court notes that pleading and proving that insurer and agent violated DTPA makes out a claim under Texas Insurance Code article 21.21 and court upholds agent liability); *Watkins v. Hammerman & Gainer,* 814 S.W.2d 867, 869 (Tex.App.—Austin 1991, no writ) (court allows DTPA suit against claims adjuster to survive summary judgment motion). The weight of Texas case law convinces this court that a DTPA suit may be brought against insurance agents in their individual capacity.

### C.

Defendant is unable to find refuge in any other federal case which has examined the issue of fraudulent joinder of an insurance agent. Each case is easily distinguishable from the case before this court.

*Arzehgar v. Dixon,* 150 F.R.D. 92 (S.D.Tex.1993) is unhelpful since the plaintiffs in *Arzehgar* failed to allege that defendant insurance agents either acted outside the scope of their authority or made any affirmative misrepresentations. *Arzehgar,* 150 F.R.D. at 94. *Arzehgar,* under the analysis set out in *Ayoub,* is clearly a case of fraudulent joinder.[8]

*French v. State Farm Ins. Co.,* 156 F.R.D. 159 (S.D.Tex.1994) is likewise inapposite. The plaintiffs in *French* also neglected to make any allegation that the insurance

agents acted outside their scope of authority or made any misrepresentations.

Finally, Defendant finds no shelter in *Robinson v. State Farm Fire & Cas. Co.,* 13 F.3d 160 (5th Cir.1994). *Robinson* was centered around an action for negligent claims handling. The insured did not assert that the agent acted outside the scope of his authority or made actionable misrepresentations. This case is similar to *Ayoub* in that the agent is merely ". . . the medium of its [the insurers] unfair trade practices in his role as adjuster." *Ayoub,* 820 F.Supp. at 299. The agent committed no independent tort against the insured.

### D.

To prove fraudulent joinder, the Defendants need to establish that *no* possible cause of action exists against Wiley. This they have failed to do. The numerous Texas appellate cases cited above clearly illustrate that when an agent makes an affirmative misrepresentation of fact or acts outside the scope of his authority, he can be held individually liable.

■ Prudential asserts that Tenner's true motive in joining Wiley is to break diversity.[9] This may be true. Plaintiff's motive, however, is irrelevant. If this were a motion to amend the complaint to add nondiverse parties, this court could consider whether the Plaintiffs have the illegitimate goal of attempting to divest this court of jurisdiction. *Hensgens v. Deere & Co.,* 833 F.2d 1179, 1182 (5th Cir.1987) (court should consider the extent to which the purpose of the amendment is to defeat federal jurisdiction). This is not, however, a motion to amend. The sole issue before this court is whether or not Plaintiff's have a colorable claim against Wiley. They do. Therefore, the joinder of Wiley is not fraudulent and this court does not have jurisdiction pursuant to 28 U.S.C. § 1447(c).[10]

---

**8.** As noted in *Ayoub,* to state a cause of action against an agent, a plaintiff must allege misrepresentations by the agent or actions outside an agent's scope of authority. Since the *Tedder* court, cited above, holds that only the allegations made at the time of removal can be used to determine if parties have been fraudulently joined, no cause of action against the agent was stated in *Arzehgar.* *Tedder,* 590 F.2d at 116.

**9.** This court believes that Prudential is correct when it states that the Tenners cannot have any reasonable expectation of recovering from Wiley and that the Tenners are fully cognizant that any judgment in their favor will almost assuredly be paid solely by Prudential.

**10.** 28 U.S.C. § 1447(c) provides, in relevant part:
   If at any time before final judgment it appears that case was removed improvidently and with-

*Conclusion*

After considering the Plaintiffs' Motion for Remand, this court is of the opinion, for the reasons set out above, that the Motion should be GRANTED.

out jurisdiction, the district court shall remand the case and may order the payment of costs.