Washington JACKSON, Jr. Plaintiff,

v.

Claude WILSON and State Farm Mutual
Automobile Insurance, Defendants.

No. 1:98–CV–1441.

United States District Court,
E.D. Texas,
Beaumont Division.

April 15, 1998.

George Michael Jamail, Bernsen, Jamail &
Goodson, Stephen Neal Williams, Williams &
Gallier, Beaumont TX, for Plaintiff.

Paul W. Gertz, Germer & Gertz, Beaumont
TX, for Defendants.

### *MEMORANDUM AND ORDER*

COBB, District Judge.

## I. INTRODUCTION and PROCEDURAL BACKGROUND

This dispute concerns whether this court
has subject matter jurisdiction to hear the
above captioned case. The plaintiff, Jackson,
originally filed suit in state court naming
only defendant State Farm Mutual Automo-
bile Insurance (State Farm). That case was
removed to this court. Plaintiff voluntarily
dismissed that case, without opposition, in
accordance with FED.R.CIV.P. 41(a).

Six months after voluntarily dismissing his
first case, Jackson filed the instant suit in the
60th Judicial District Court of Jefferson
County, Texas naming both State Farm and
Claude Wilson (Wilson) as defendants. In
this suit, the plaintiff alleges *inter alia*, that
the defendants violated the Texas Deceptive
Trade Practices Act (DTPA) and the Texas
Insurance Code Art. 21.21, § 16 which bars
unfair insurance practices.[1] State Farm re-
moved this case pursuant to 28 U.S.C.
§§ 1332 and 1441. Jackson filed a timely
motion to remand, asserting a lack of com-

---

1. Plaintiff has alleged other claims in his original
complaint but, since they are stated only against
defendant State Farm Mutual Automobile Insur-
ance Company, they are of no moment in deter-
mining whether this court may assert subject
matter jurisdiction.

plete diversity.[2] Both parties have fully briefed the controlling issue in this jurisdictional dispute, 'Whether defendant Wilson was fraudulently joined in order to defeat this court's jurisdiction.'

## II. DISCUSSION

■■■ If a defendant to a lawsuit has been fraudulently joined to destroy diversity jurisdiction, the court must disregard his presence when determining diversity jurisdiction under 28 U.S.C. § 1332. *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 101–02 (5th Cir.1990). To establish a fraudulent joinder, the removing party must show there is no possibility that the plaintiff can establish a cause of action against the in-state defendant. *LeJeune v. Shell Oil Co.*, 950 F.2d 267 271 (5th Cir.1992) **(emphasis added)**.

### a. *Defendant's Contentions*

■■ Because it is undisputed that named parties lack complete diversity, defendant State Farm, in support of removal, argues that defendant Wilson was fraudulently joined to the instant suit in an attempt by the plaintiff to defeat this court's jurisdiction. State Farm asserts that Jackson is merely forum shopping, and that no cause of action is, or can be stated against Wilson, the State Farm Agent who Jackson the automobile policy.

In support of its position, State Farm points to:

1. The fact that the plaintiff dismissed his original suit which had named only State Farm as a defendant;

2. The fact that the plaintiff relies in large part on an unfiled, amended complaint to state a cause of action against Wilson;

3. Two cases, *French v. State Farm Ins., Co.*, 156 F.R.D. 159 (S.D.Tex.1994); *Ayoub v. Baggett*, 820 F.Supp. 298 (S.D.Tex.1993), which stand for the proposition that an employee of an insurance company cannot be held personally liable for violations of the Texas Insurance Code; and

4. The plaintiff's reliance on *Garrison Contractors, Inc. v. Liberty Mutual Ins.*, 927 S.W.2d 296 (Tex.App.—El Paso 1996); writ granted 40 S.Ct.J. 479 (Tex.1997) is misplaced because the Texas Supreme Court granted a *writ of error.*

Accordingly, State Farm urges this court to dismiss Wilson from the case and assert subject matter jurisdiction in accordance with 28 U.S.C. § 1332.

### b. *Plaintiff's Contentions*

The plaintiff's position is that there is no fraudulent joinder of Wilson because both the statutory language of Texas Insurance Code and the DTPA permit a cause of action against an insurance agent. In support, the Plaintiff points primarily to *Garrison* which, on facts somewhat similar to this case, held that an insurance agent could be held liable for violations of the Texas Insurance Code and the DTPA.

### c. *Analysis*

■■ State Farm correctly asserts that jurisdiction is determined from the pleadings at the time of removal. *Coury v. Prot*, 85 F.3d 244 (5th Cir.1996). Accordingly, Jackson's unfiled, amended complaint may not serve as the basis upon which to state a claim against Wilson.

Similarly, Jackson's original complaint which named only State Farm and which was voluntarily dismissed before State Farm filed an answer in accordance with FED.R.CIV.P. 41(a), is irrelevant to this dispute.

Even though both parties correctly state that there is no binding authority directly on point which controls this jurisdictional dispute, this court finds the plaintiff's authority more persuasive on the issue of whether a claim for violations of the Texas Insurance Code and DTPA can be stated against Wilson.

State Farm's reliance on *French* and *Ayoub* are misplaced. *Ayoub* is distinguishable because the defendant in question was clearly an employee of the insurance company

---

**2.** It is undisputed that the plaintiff is a resident of Texas, that the defendant Claude Wilson is a resident of Texas, and that defendant State Farm

Mutual Automobile Insurance Company is a resident of Illinois.

whereas in the instant dispute, Wilson is an independent sales contractor of State Farm.[3] *Ayoub*, 820 F.Supp. at 299.

*French* is also distinguishable from the instant matter because two of the claims made by the plaintiff against an insurance agent concerned breach of contract and negligent claims handling. *French*, 156 F.R.D. at 162–63. The court's reasoning in holding that there was no cause of action against the agent for breach of contract was sound.[4] This court however, disagrees with the magistrate judge's extension of *Ayoub* in holding that the agent could not be liable for violations of the Texas Insurance Code. *Id.* at 163. The court failed to recognize that the *Ayoub* holding was distinguishable on the facts for the above stated reasons. *Id.* Furthermore, it failed to recognize the *Ayoub* court's apparent limitation of its own holding imposed by *Wm. H. McGee & Co. v. Schick*, 792 S.W.2d 513 (Tex.App.—Eastland 1990). *See* Fn. 4 *supra*. This court also notes also that, while *French* and *Ayoub* may be persuasive authority, it is not bound by their holdings.

The court is persuaded by the *Garrison* court's analysis and rationale in holding that an insurance agent could be held liable for violations of the Texas Insurance Code and the DTPA. *See Garrison Contractors, Inc. v. Liberty Mutual Ins.*, 927 S.W.2d 296 (Tex. App.—El Paso 1996); *writ granted* 40 S.Ct.J. 479 (Tex.1997). Furthermore, in reaching its holding, the *Garrison* court considered and rejected both *French* and *Ayoub*. *Id.* at 300.

State Farm's protestation that *Garrison* does apply to this case because the Texas Supreme Court granted a *writ of error* and is likely to be reversed for being in conflict with *French* and *Ayoub*, is without merit. The Texas Supreme Court is not bound in any way by the holdings in *French* and *Ayoub* and there is no reason to believe that *Garri-*

*son* is more likely to be reversed than affirmed.

### III. OPINION and ORDER

For the reasons stated above, it is the opinion of this court that the in-state defendant Wilson was not fraudulently joined as a party to this suit. This court is also of the opinion that the parties lack complete diversity as required by 28 U.S.C. § 1332. Consequently, this court does not have subject matter jurisdiction over the instant suit. Therefore, this court is of the opinion that the plaintiffs motion to remand the above styled cause is well taken and should be granted.

Accordingly, it is ORDERED that the plaintiff's Motion to Remand the above styled cause to the 60th Judicial District Court of Jefferson County, Texas is hereby, GRANTED. It is also ORDERED that all other pending motions in the above styled cause are dismissed as moot.

---

**3.** In *Ayoub*, defendant Baggert, a claims adjustor, was unquestionably an employee of the other defendant, Truck Insurance Corporation. *Ayoub*, 820 F.Supp. at 299. This case stands for the limited proposition that an actual employee of the insurance company can not be personally liable under the provisions Texas Insurance Code. The *Ayoub* court, noting *Wm. H. McGee & Co. v. Schick*, appeared to its holding to those factual situations the where the co-defendant was an actual employee as opposed to an indepen-

dent contractor. *Ayoub*, 820 F.Supp. at 299 (*citing Wm. H. McGee & Co. v. Schick*, 792 S.W.2d 513 (Tex.App.—Eastland 1990)). *See also Wm. H. McGee & Co. v. Schick*, 792 S.W.2d 513 (Tex. App.—Eastland 1990).

**4.** The court held that the agent was not a party to the contract and therefore, could not be liable for a breach of contract or a tortious breach of contract. *French*, 156 F.R.D. at 162–63.