[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 28, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-17043
Non-Argument Calendar

_____

Agency No. A097-341-676

CHEN SHI-HANG,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(October 28, 2009)

Before TJOFLAT, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Chen Shi-Hang, a native and citizen of China, seeks review of the Board of

Immigration Appeals' order affirming the Immigration Judge's denial of his claims

for asylum and withholding of removal under the Immigration and Nationality Act

(INA), 8 U.S.C. §§ 1158, 1231, and relief under the United Nations Convention

Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment

(CAT), 8 C.F.R. § 208.16(c).[1]  Shi-Hang, who married his wife before either of

them were old enough to legally wed, fled China after family planning officials

learned his wife was pregnant and forced her to undergo an involuntary abortion.

"We review only the BIA's decision, unless the BIA has expressly adopted

the IJ's opinion or reasoning."  Jiang v. U.S. Att'y Gen., 568 F.3d 1252, 1256

(11th Cir. 2009) (citing Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir.

2001)).  Here, the BIA adopted the IJ's reasoning in part and added its own

analysis, so we will review both the BIA's and IJ's decisions.  See id. (citing Al

Najjar, 257 F.3d at 1284).

We review de novo the IJ's and BIA's legal conclusions.  Mohammed v.

Ashcroft, 261 F.3d 1244, 1247 (11th Cir. 2001).  Factual findings are reviewed

under the highly deferential substantial evidence test, under which we "must affirm

the ... decision if it is supported by reasonable, substantial, and probative evidence

---

[1] Although Shi-Hang writes in his brief the legal standard an alien must meet to receive INA or CAT withholding of removal, Shi-Hang does not argue why he is eligible for either form of relief.  He has therefore waived those issues.  See, e.g., Mingkid v. U.S. Att'y Gen., 468 F.3d 763, 767 n.1 (11th Cir. 2006) ("Issues not argued on appeal are deemed waived.").

on the record considered as a whole." Al Najjar, 257 F.3d at 1283–84 (citations and quotation marks omitted). We cannot reverse the IJ's and BIA's factual findings unless the record compels it. Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc).

To be eligible for asylum, the applicant bears the burden of establishing statutory refugee status with specific and credible evidence. Chen v. U.S. Att'y Gen., 463 F.3d 1228, 1231 (11th Cir. 2006); 8 C.F.R. § 208.13(a). At issue is whether Shi-Hang has sustained that burden in proving his refugee status under the following INA provision:

> [A] person who has been forced to abort a pregnancy or to undergo involuntary sterilization, or who has been persecuted for failure or refusal to undergo such a procedure or for other resistance to a coercive population control program, shall be deemed to have been persecuted on account of political opinion, and a person who has a well founded fear that he or she will be forced to undergo such a procedure or subject to persecution for such failure, refusal, or resistance shall be deemed to have a well founded fear of persecution on account of political opinion.

8 U.S.C. § 1101(a)(42)(B).

In this case the BIA properly found that, as a matter of law, Shi-Hang was not per se eligible for relief because his wife underwent a forced abortion. See Yu v. U.S. Att'y Gen., 568 F.3d 1328, 1332 (11th Cir. 2009) (citing Matter of J-S-, 24 I. & N. Dec. 520, 523–24 (A.G. 2008)).

Our Yu decision makes clear that to qualify for asylum Shi-Hang must prove

3

he has a well-founded fear of future personal persecution because of his resistance to China's family planning policy.[2] See id. at 1332–33. Resistance may include "expressions of general opposition, attempts to interfere with enforcement of government policy in particular cases, and other overt forms of resistance to the requirements of the family law." Id. at 1334 (quoting In re S-L-L, 24 I. & N. Dec. 1, 10 (BIA 2006)). To the extent that Shi-Hang's attempting to have a child and hiding from authorities were "resistance," substantial evidence supports the conclusion that Shi-Hang has failed to prove that his fear of future persecution due to that resistance is well-founded. We have repeatedly stated that "persecution is an extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation, and that mere harassment does not amount to persecution." Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1232 (11th Cir. 2005) (per curiam) (quotation and citation omitted). Shi-Hang believes he would "definitely be arrested ... and beaten" if he returned to China, but that fear is not objectively reasonable and therefore is not a "well-founded fear." See Al Najjar, 257 F.3d at 1289. Shi-Hang testified that the authorities told his mother they

---

[2] Shi-Hang asserts in his statement of the issue and in an argument heading that he demonstrated past persecution, but he fails to argue past persecution in the body of his brief. He has thus abandoned that argument. See Tedder v. F.M.C. Corp., 590 F.2d 115, 117 (5th Cir. 1979) (stating that a point raised in the statement of issues but not addressed elsewhere in the brief is abandoned); see also Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981).

4

would "g[i]ve [him] a lesson," but that vague threat amounts to mere harassment, not persecution. She-Hang has not been confronted in person by even one family planning official. He was absent when family planning authorities forcibly took his wife to the local hospital to terminate her pregnancy, and he heard about the incident only when his mother-in-law called to tell him about it. He promptly fled the country without having any confrontation with family planning officials.

The most Shi-Hang accuses the family planning officials of doing is looking for him at his former residence and "smash[ing] things around the house." This does not compel the conclusion that Shi-Hang reasonably fears conduct that would rise to the level of persecution. In Yang v. U.S. Attorney General, 494 F.3d 1311 (11th Cir. 2007), the petitioner provided evidence that, after a physical altercation, family planning officials were "still looking" to arrest him. We held that such evidence did not compel the conclusion that petitioner had a well-founded fear of persecution. Id. at 1319; see also Yu, 568 F.3d at 1334 ("The fact that authorities fined [petitioner] and tried to arrest him, but never detained or physically harmed him, is insufficient to establish past persecution."). Shi-Hang has provided no specific evidence about who damaged property at his former home or why they did so. In any event, the damage was minor and does not create a well-founded fear of persecution. See Nahrvani v. Gonzales, 399 F.3d 1148, 1153–54 (9th Cir. 2005)

(holding that two serious but ambiguous threats combined with harassment and minor property damage were insufficient to demonstrate well-founded fear).

Shi-Hang's other arguments in support of his asylum claim also fail. He fears excessive fines but offers no evidence that China would impose any fine in addition to the one from 2003. A single fine does not amount to persecution. Yang v. U.S. Att'y Gen., 418 F.3d 1198, 1203 (11th Cir. 2005). Shi-Hang also asserts that he could face punishment for fleeing China, but "prosecution for leaving China illegally is not a statutorily protected ground entitling an alien to asylum." Yu, 568 F.3d at 1334 n.4 (citing Lin v. U.S. Att'y Gen., 555 F.3d 1310, 1316 (11th Cir. 2009)). Finally, Shi-Hang makes the vague assertion that he might be sterilized upon return to China, but the record does not suggest, let alone compel, the conclusion that Shi-Hang would be targeted for sterilization. He and his wife are now of legal age to marry and bear a child, even according to Shi-Hang's characterization of Chinese law.

Substantial evidence supports the BIA's and IJ's conclusion that Shi-Hang was not entitled to asylum because he failed to show a well-founded fear of future persecution on account of his resistance to China's family planning policy. Accordingly, we deny his petition.

**PETITION DENIED.**