[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-11543
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 17, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:08-cv-02116-JTC

SHELBY LAMPLEY,

Plaintiff - Appellant,

versus

IMS MANAGEMENT SERVICES, LLC,
d.b.a. Peachtree Road Highrise,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(March 17, 2011)

Before TJOFLAT, CARNES and KRAVITCH, Circuit Judges.

PER CURIAM:

Shelby Lampley, a maintenance technician with IMS Management Services

(IMS), was fired from his job two days after returning from 12 weeks' leave under the Family and Medical Leave Act (FMLA). Lampley, proceeding *pro se*, sued IMS and contended that he was fired because of his race and his religion in violation of Title VII of the Civil Rights Act of 1964. He also argued that he was retaliated against for taking approved leave under the FMLA and that his employer had interfered with the exercise of his statutory rights under the FMLA by cancelling his health insurance while he was on leave. Last, Lampley claimed that IMS had violated the Fair Housing Act (FHA).

IMS moved for summary judgment and the magistrate judge recommended that the district court grant IMS's motion because Lampley had failed to come forward with any evidence on essential elements of his claims. The district court overruled Lampley's objections and adopted the magistrate judge's report and recommendation. Lampley now appeals. Before we can consider the merits of the issues Lampley raises on appeal, we must decide whether he has properly presented them.

## II.

We read briefs filed by *pro se* litigants liberally, but if an issue is not briefed on a *pro se* appeal it will be deemed abandoned, just as it would be in a case presented through counsel. *Timson v. Samson*, 518 F.3d 870, 874 (11th Cir.

2008). Additionally, if an issue is mentioned only in passing, it is not properly briefed and thus abandoned. *Greenbriar, Ltd. v. City of Alabaster*, 881 F.2d 1570, 1573 n.6; *see also Tedder v. F.M.C. Corp.*, 590 F.2d 115, 117 (5th Cir. 1979)[1] (stating that a point raised in the statement of issues but not elaborated on elsewhere in the brief is deemed abandoned). We also do not consider issues raised for the first time on appeal. *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004).

Most of Lampley's claims have not been properly presented in this court. To begin with, Lampley raises for the first time on appeal the issue of whether arbitration should have been compelled. As such, we will not consider it. Additionally, although Lampley included these issues in his statement of the issues, neither Lampley's opening brief nor his reply brief elaborate further on how the district court (1) erred by not acknowledging its local rule regarding page limitations, (2) abused its discretion by not notifying him of a hearing on the defendant's motion to compel, or (3) abused its discretion by failing to appoint a special master. Accordingly, we will not consider those issues.

---

[1] *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*) ("[T]he decisions of the United States Court of Appeals for the [former] Fifth Circuit . . . shall be binding as precedent in the Eleventh Circuit . . . .").

Reading Lampley's brief liberally, we find only one issue properly before us: whether the district court erred by granting summary judgment on his FMLA claims.[2]

### III.

The FMLA prohibits an employer from interfering with an employee's exercise of his FMLA rights. 29 U.S.C. § 2615(a)(1). The FMLA also requires that while an employee is on FMLA leave, the employer must "maintain coverage under any 'group health plan' . . . for the duration of such leave at the level and *under the conditions coverage would have been provided if the employee had continued in employment continuously for the duration of such leave*." *Id.* § 2614(c)(1) (emphasis added).

Lampley contends that IMS's cancellation of his health care coverage was prohibited interference with the exercise of his FMLA rights. IMS responds that Lampley's policy was cancelled because he failed to pay his share of the premiums. At his deposition, Lampley admitted that he had failed to pay his premiums while on leave. Although IMS was obligated to maintain Lampley's health care coverage while he was on FMLA leave, its obligation only extended to

---

[2] We review an order rendering summary judgment *de novo* and apply the same standards as the district court. *Carter v. Galloway*, 352 F.3d 1346, 1348 (11th Cir. 2003).

maintaining that coverage under the same conditions that it would have had to had Lampley not been on leave. Under either scenario, Lampley was obligated to pay his share of the premium, just as IMS was obligated to pay its share. And Lampley admitted that once he paid his share of the premium, his benefits were restored. As Lampley has not offered any evidence that IMS failed to pay its share of his health care premium while he was on leave and he admitted that he failed to pay his, we conclude that the district court was correct to render summary judgment on his FMLA interference claim.

The FMLA also requires that if an employee takes leave under the act, he must be restored to the position he held before taking leave or to a position with "equivalent employment benefits, pay, and other terms and conditions of employment." *Id.* § 2614(a). Before taking FMLA leave, Lampley worked at an IMS-managed property called the Peachtree Road Highrise. When Lampley returned from his leave he was told to report to work at another IMS-managed property, University Homes. It is undisputed that Lampley's position at University Homes had the same title, pay, and benefits as the position he held at the Peachtree Road Highrise. Aside from the change in location, we can discern no difference in these positions from the record. Because there is no evidence that Lampley's position at University Homes was not equivalent to the one he held at

5

the Peachtree Road Highrise, we conclude that the district court did not err in rendering summary judgment on this claim.

As Lampley has not introduced any evidence showing a genuine issue of material fact, we conclude that summary judgment for IMS was proper.

**AFFIRMED.**