United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 14, 2006**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
For the Fifth Circuit

No. 06-40675
Summary Calendar

JORGE CASTILLO, as the representative of the Estate of Jorge
Castillo

        Plaintiff - Appellant

   v.

STATE FARM LLOYDS; STATE FARM LLOYDS INC

        Defendants - Appellees
----------------------------------------------------------------
JORGE CASTILLO

        Plaintiff - Appellant

   v.

STATE FARM LLOYDS; STATE FARM LLOYDS INC

        Defendants - Appellees

Appeal from the United States District Court For the Southern
District of Texas, McAllen Division
7:05-CV-198

Before DAVIS, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM[*]

Plaintiff-Appellant Jorge Castillo, Jr., as representative of the estate of his father Jorge Castillo, appeals the district court's denial of his motion to remand this case to state court and its subsequent dismissal of the non-diverse defendant State Farm Lloyds, Inc., as well as the district court's grant of summary judgment in favor of Defendant-Appellee State Farm Lloyd's. For the following reasons, we AFFIRM the judgment of the district court.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

In May 2005, Jorge Castillo ("Castillo") filed suit in state court against his homeowners' insurer, State Farm Lloyd's ("State Farm"), and its attorney in fact, State Farm Lloyds, Inc. ("Lloyds, Inc."), alleging breach of contract, breach of the duty of good faith and fair dealing, and violations of the Texas Insurance Code and the Deceptive Trade Practices-Consumer Protection Act ("DTPA"), arising from insurance claims submitted by his attorney in 2002.[1] State Farm removed the case to federal court, arguing that Lloyds, Inc., a Texas corporation, was improperly joined, and the amount in

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1]Castillo initially filed three separate suits against State Farm and Lloyds, Inc. based on three separate insurance claims. The district court granted State Farm's unopposed motion to consolidate the three removed cases.

controversy exceeded $75,000 exclusive of interests and costs.[2] Lloyds, Inc. consented to the removal. Castillo then filed a motion to remand, which the district court denied.

Lloyds, Inc. filed its motion to dismiss arguing that it was not a proper party to the suit. While this motion was pending, State Farm and Lloyds, Inc. filed their motion for summary judgment, arguing that Castillo failed to file suit within the applicable statute of limitations and that certain policy provisions precluded coverage for the insurance claims. The district court concluded that Lloyds, Inc. was not a proper party to the suit and granted Lloyds, Inc.'s motion to dismiss. The district court then granted summary judgment in favor of State Farm on statute of limitations grounds. Castillo now appeals.

## II. DISCUSSION

### A. Motion to Remand

Castillo first argues that the district court erred by (1) concluding that Lloyds, Inc. was improperly joined; (2) denying his motion to remand; and (3) dismissing Lloyds, Inc. from the lawsuit. We review a denial of remand to state court de novo. Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 311 (5th Cir. 2002). The party invoking the removal jurisdiction on the grounds of improper joinder bears a heavy burden. See Sid

---

[2]Although addressed by State Farm in its notice of removal, no issue has been presented to this court regarding whether the amount in controversy exceeds 75,000 exclusive of interest and costs.

<u>Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd.</u>, 99 F.3d 746, 751 (5th Cir. 1996). The removing party may satisfy its burden by showing either:(1) actual fraud in the pleading of jurisdictional facts; or (2) the plaintiff's inability to establish a cause of action against the non-diverse party in state court. <u>Travis v. Irby</u>, 326 F.3d 644, 647 (5th Cir. 2005). Only the latter method is relevant here because State Farm did not allege actual fraud. Thus, the relevant question is whether State Farm has shown that there is no reasonable possibility of recovery against the non-diverse defendant, Lloyds, Inc., in state court. <u>Smallwood v. Ill. Cent. R.R.</u>, 385 F.3d 568, 573 (5th Cir. 2004) (en banc). A mere theoretical possibility of recovery is insufficient. <u>Travis</u>, 326 F.3d at 648.

We agree with the district court's conclusion that there was no reasonable basis to predict that Castillo might prevail against Lloyds, Inc. in state court. Castillo argues that Lloyds, Inc. was properly joined because Lloyds, Inc., in a services agreement with State Farm Fire & Casualty Co.,[3] retained the "ultimate control and authority" to adjust claims.[4] Based on this contractual right of

---

[3]Pursuant to the services agreement, State Farm Fire & Casualty handles, investigates, and pays or denies insurance claims made on State Farm policies, and provides the details, means, and methods of the insurance operations and claims handling for State Farm. R. 328.

[4]Lloyds, Inc. entered into this services agreement acting on behalf of State Farm.

4

control, Castillo argues that Lloyds, Inc. can be held liable for the acts and omissions of the adjusters.

State Farm sells insurance under a so-called "Lloyd's plan," which consists of a group of underwriters who combine to issue insurance through an attorney in fact - in this case, Lloyds, Inc. See Tex. Ins. Code Ann. § 941.001 (Vernon Supp. 2006). "[T]he attorney in fact acts as an agent for the Lloyd's group." Royal Insurance Co. of America v. Quinn-L Capital Corp., 3 F. 3d 877, 882 (5th Cir. 1993) (emphasis provided by court); see also Massey v. State Farm Lloyds Insurance Co., 993 F. Supp. 568, 570 (S.D. Tex. 1998). "[T]he attorney in fact has to be authorized by the underwriters to execute insurance policies and acts for those underwriters by so doing." Quinn-L Capital Corp., 3 F. 3d at 882. The attorney in fact does not bear risks, and has no contractual relationship with the insured. Lloyds, Inc. is not even an insurance company.[5]

Under Texas law, agents are generally not liable for contracts entered into on behalf of a principal or for any actions that are within the scope of their authority. See French v. State Farm Ins. Co., 156 F.R.D. 159, 162 (S.D. Tex. 1994). Consequently, unless Lloyds, Inc. was acting outside of the scope of its authority with

_____

[5]Lloyds, Inc. does not sell policies of insurance; it does not earn premium income and it is not required to file an annual statement with the Texas Department of Insurance in its own name or for its own account. Lloyds, Inc. has no employees, and it renders services only as an attorney in fact as authorized by Texas law.

respect to Appellant's claims, Lloyds, Inc. is not individually liable. See Arzehgar v. Dixon, 150 F.R.D. 92, 94-95 (S.D. Tex. 1993). Appellant has included no claims of specific wrongdoing on the part of Lloyds, Inc., nor any claims that might suggest it acted outside the scope of its authority. Absent allegations that Lloyds, Inc. was acting in anything other than a representative capacity or that it actually engaged in any deceptive or unfair practices in connection with Appellant's claims, Lloyds, Inc. cannot be held individually liable. See id. Therefore, the district court was correct in denying Castillo's motion to remand and subsequently dismissing the claims against Lloyds, Inc.

## B. Motion for Summary Judgment

Castillo next argues that the district court erred by granting summary judgment in favor of State Farm. We review a district court's grant of summary judgment de novo, applying the same standard as the district court. Riverwood Int'l Corp. v. Employers Ins. of Wasau, 420 F.3d 378, 382 (5th Cir. 2005). Castillo argues that because State Farm made partial payments without any indication of finality, the statute of limitations did not begin to run until, at the earliest, July 28, 2003, when State Farm sent a letter stating that "the claims remained closed."[6] However, State Farm communicated a final determination on all of Castillo's claims by March 31, 2003, when State Farm sent the payments on the kitchen

---

[6]This letter was sent in response to the settlement offer from Castillo's attorney.

6

and bathroom claims, along with decision letters on both claims. This was the last payment made to Castillo. There is no evidence that State Farm was attempting to string Castillo along "without denying or paying a claim . . . ." Murray v. San Jacinto Agency, Inc., 800 S.W.2d 826, 828 n.2 (Tex. 1990).

The claims process in this case was rather drawn out, beginning on May 1, 2002, when Castillo submitted a claim for water damage and mold in the hallway and bedroom, and ending on March 31, 2003, when State Farm issued the above-mentioned decision letters. On May 30, 2002, after an initial inspection of the house, State Farm sent a letter and payment to Castillo. On October 24, 2002, State Farm spoke with Castillo's attorney's office regarding a request for additional living expense ("ALE") benefits for Castillo. State Farm stated that ALE benefits were not available to Castillo because he was not a named insured or spouse of a named insured.

On December 7, 2002, after receiving the final copy of the Naismith Engineering report regarding its water assessment and fungal investigation at Castillo's house, State Farm sent a letter to Castillo's attorney asking him if he wanted to open an additional claim for bathroom #1. State Farm then inspected the Castillo house in order to prepare estimates based upon the Naismith report, even though Castillo had not yet requested that additional claims be opened. On January 27, 2003, State Farm sent Castillo a repair estimate and a decision letter on his first

7

claim. The decision letter stated that "this claim is closed as of today," but also stated that if Castillo wished to pursue claims for damage in the kitchen from the dishwasher leak and damage in the bathroom from the sink leak, Castillo need only submit the two claims and State Farm would adjust those claims accordingly.

On March 26, 2003, Appellant's counsel submitted two additional claims for the kitchen and bathroom. Each claim was assigned a separate claim number. Since State Farm had already inspected these areas and determined the scope of the repairs, State Farm allocated the costs between the two new claims and sent the payments on these two claims, along with decision letters on both claims, to Appellant on March 31, 2003. State Farm then closed its files for these two claims on March 31, 2003.

In light of the above-mentioned correspondence, we agree with the district court's conclusion that Castillo's cause of action began to accrue, at the latest, upon the issuance of the March 31, 2003, letters. See Mangine v. State Farm Lloyds, 73 S. W. 3d 467, 468 (Tex. App. - Dallas 2002, pet. denied) (holding issuance of "building estimate" constituted a denial of claim and triggered the running of the limitations period); see also Provident Life and Accident Ins. Co. v. Knott, 128 S.W. 3d 211, 223 (Tex. 2004) (holding letter to policyholder was outright denial although the letter did not use the word "deny," but conveyed insurer's position that insured was not entitled to portion of benefits claimed). We agree with the district court that letters from Appellant's counsel

requesting, inter alia, that State Farm reopen the claims do not toll or extend the limitations period following the claims decisions. See Pace v. Travelers Lloyds of Tex. Ins. Co., 162 S.W.3d 632, 634-35 (Tex. App. - Houston [14th Dist] 2005, no pet.). Although State Farm was willing to review additional information submitted by Appellant's attorney, State Farm never changed its position on any of the claims after the final decision letters were issued on March 31, 2003.

The limitations period for Appellant's breach of contract action relating to the insurance policy is two years and one day pursuant to the express terms of the policy.[7] The statute of limitations for Appellant's extra contractual causes of action brought under common law theories,[8] under the Texas Insurance Code, and under the Texas Deceptive Trade Practices Act is two years. See Tex. Civ. Prac. & Rem. Code § 16.003(a); see Tex. Bus. & Com. Code § 17.565; see Tex. Ins. Code 21.21 § 16(d);[9] see Campbell v. Texas Employers' Ins. Ass'n, 920 S.W.2d 323, 329 (Tex. App. - Houston [1st Dist.] 1995, no pet.). The statute of limitations period had run on all of the Appellant's claims by the time

---

[7]The policy provision states in relevant part that "[a]ction brought against us must be started within two years and one day after the cause of action accrues." R. 660.

[8]Specifically, Appellant alleges breach of the duty of good faith and fair dealing.

[9]Appellant's claims were filed under the old Articles 21.21 and 21.55 that have been replaced with Article 541.151 et seq of the Texas Insurance Code. See Tex. Ins. Code § 541.162(a).

9

Appellant filed suit on May 6, 2005.  Therefore, the district court correctly granted summary judgment to State Farm.

## III. CONCLUSION

For the reasons above, the judgment of the district court is AFFIRMED.