Curtis FLYNN, et al., Plaintiffs,

v.

**STATE FARM FIRE AND CASUALTY INSURANCE COMPANY (TEXAS)**, et al., Defendants.

No. EP–08–CV–305–PRM.

United States District Court,
W.D. Texas,
El Paso Division.

Feb. 18, 2009.

Arthur Robert Piacenti, Jeffrey T. Lucky, Lucky, Enriquez, Piacenti & Smigiel, P.C., El Paso, TX, for Plaintiffs.

Ruben S. Robles, Robles, Bracken & Hughes, El Paso, TX, for Defendants.

### ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

PHILIP R. MARTINEZ, District Judge.

On this day, the Court considered Defendants' "Motion to Dismiss for Failure to State a Claim upon which Relief may be Granted" ("Motion"), filed on August 18,

2008; Plaintiffs' "Response to Defendant State Farm Fire and Casualty Company's Motion to Dismiss for Failure to State a Claim upon which Relief may be Granted" ("Response"), filed on September 2, 2008; Defendants' "Reply to Plaintiffs' Response to Motion to Dismiss for Failure to State a Claim upon which Relief may be Granted" ("Reply"), filed on September 5, 2008; Plaintiffs' "Sur–Reply in Regard to Defendant's [sic] Motion to Dismiss for Failure to State a Claim upon which Relief may be Granted" ("Sur–Reply"), filed on September 9, 2008; the "Report and Recommendation of the Magistrate Judge" ("R & R"), entered on January 12, 2009; and Plaintiffs' "Objections to Magistrate Judge's Report and Recommendation Regarding Defendant's [sic] Motion to Dismiss for Failure to State a Claim upon which Relief may be Granted" ("Objections"), filed on January 28, 2009. After due consideration, the Court is of the opinion that it should adopt the R & R and grant Defendants' Motion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In late 2006 or early 2007, Plaintiffs Curtis and Lidia Flynn, both residents of El Paso, Texas, purchased a single-family residence from their son, Plaintiff John Flynn, located in Calvert City, Kentucky. Pls.' Orig. Pet. 2, 6. Around that same time, Plaintiffs Curtis and Lidia Flynn purchased an insurance policy from Defendants through their agent located in Paducah, Kentucky for the Calvert City residence. *Id.* at 6–7. Plaintiffs claim that they informed Defendants' agent that Plaintiff John Flynn would remain in the residence after the purchase. *Id.* at 7.

Prior to purchasing their policy, Plaintiffs allege that Defendants neither advised them that the policy would not cover Plaintiff John Flynn in full while he resided at the home, nor did Defendants advise them that they needed "to buy additional endorsements or riders to the policy for any purpose." *Id.* Defendants subsequently issued Plaintiffs John and Lidia Flynn a $90,000 policy which insured against, among other things, loss against theft and coverage for their personal property and that of Plaintiff John Flynn. *Id.*

On or about July 11, 2007, Plaintiff John Flynn "returned home from a vacation trip to discover that the home in Calvert City had been burglarized and that substantial property owned by the [Plaintiffs] had been stolen." *Id.* at 8. Plaintiff John Flynn notified the police of the burglary, and on July 12, 2007, informed Defendants of the same. *Id.* During the month following the burglary, Plaintiffs state that they responded to all requests from Defendants for information pertaining to the claims process. *Id.*

On or about August 1, 2007, Plaintiffs claim that they received notice from Defendants that there was a question as to whether the policy obligated Defendants to make payment for Plaintiffs' loss, and as to whether Plaintiffs had engaged in concealment or fraud in submitting their claim. *Id.* at 8–9. Plaintiffs also claim that Defendants questioned whether the insurance policy even covered Plaintiff John Flynn, despite a portion of its language which read "insured means you and, if residents ... your relatives." *Id.* at 9.

Plaintiffs claim that they sent a letter to Defendants requesting information regarding their alleged material misrepresentations, as well as information that stated that the policy did not cover Plaintiff John Flynn. *Id.* Plaintiffs state that Defendants never responded to this inquiry. *Id.* Instead, Plaintiffs claim that Defendants directed a Kentucky attorney to demand that they produce a large volume of records and information, and that Plaintiffs

Curtis and Lidia Flynn travel to Kentucky from Texas for an examination under oath. *Id.* at 10. Plaintiffs claim that the Kentucky attorney also requested the examination of Plaintiff John Flynn. *Id.* Plaintiffs state that they made all requested documents available to Defendants, but since that time, Defendants have not informed them of any change in the status of their claim. *Id.* at 11.

Plaintiffs state that the amount of the loss that they sustained as a result of the theft was approximately $29,490.44. *Id.* at 11–12. Plaintiffs claim that "[d]espite the fact that all conditions precedent to [their] recovery have been performed or have occurred, [Defendants] have failed and refused to pay [them] in accordance with their obligations under contract and all applicable statutes and common law standards." *Id.* at 12. Plaintiffs also claim that Defendants "have failed to timely notify the insureds [sic] of any specific basis for their continued and repeated refusal to make a prompt determination of the validity of the claim or to pay the claim." *Id.*

On July 8, 2008, Plaintiffs filed suit against Defendants in the County Court at Law Number Six in El Paso County, Texas. *Id.* at 1. Therein, Plaintiffs alleged the following causes of actions against Defendants: (1) breach of contract; (2) breach of duty of good faith and fair dealing; (3) violation of the insurance code (deceptive trade and unfair claims practices); (4) violation of the insurance code (unreasonable delay); (5) violation of the deceptive trade practices act; and (6) negligence and gross negligence. *Id.* at 14–20. On August 7, 2008, Defendants removed this action to this Court premised on diversity of citizenship. Not. of Removal 1.

On August 18, 2008, Defendants filed their Motion, arguing that the Court should dismiss Plaintiffs' claim for negligence and gross negligence pursuant to Federal Rule of Civil Procedure 12(b)(6). Mot. 1. Specifically, Defendants argue that Texas courts "do not recognize a cause of action for negligent claims handling." *Id.* at 2. On October 14, 2008, the Court referred this Motion to a Magistrate Judge for an R & R. Docket No. 13. On January 12, 2009, the Magistrate Judge issued his R & R, recommending that the Court grant Defendants' Motion and dismiss Plaintiffs' negligence and gross negligence claims. R & R 818. On January 28, 2009, Plaintiffs filed their objections to the R & R. Docket No. 21.

## II. LEGAL STANDARD

### A. District Court Review of a Magistrate Judge's Report and Recommendation

Pursuant to 28 U.S.C. § 636(b)(1)(B), a district court, on its own motion, may refer a pending matter to a United States Magistrate Judge for the preparation of a Report and Recommendation. Any party may contest the Report and Recommendation by filing written objections within ten days after being served with a copy of the Report and Recommendation. 28 U.S.C. § 636(b)(1)(C). The objections must specifically identify those findings or recommendations which the party wishes to have the district court consider. *Thomas v. Arn*, 474 U.S. 140, 151, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). A district court need not consider "[f]rivolous, conclusive, or general objections." *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir.1987) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n. 8 (5th Cir.1982)).

■ A district court must then make a de novo determination with respect to the challenged portions of the Report and Recommendation, which it may accept, reject, or modify, in whole or in part. 28 U.S.C. § 636(b)(1)(C). A party's failure to file

written objections to the Report and Recommendation within ten days, except for plain error, shall bar that party from de novo review by a district court. *Douglass v. United Serv. Auto. Ass'n,* 79 F.3d 1415, 1428–29 (5th Cir.1996) (en banc). Since Plaintiffs have timely filed their objections, the Court will review the challenged portions of the Magistrate Judge's Report and Recommendation de novo.

### B.  Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of an action for "failure to state a claim upon which relief can be granted." FED.R.CIV.P. 12(b)(6) ("Rule 12(b)(6)"). However, "[a] motion to dismiss under Rule 12(b)(6) is 'viewed with disfavor and is rarely granted.'" *Priester v. Lowndes County,* 354 F.3d 414, 418 (5th Cir.2004) (quoting *Lowrey v. Tex. A & M Univ. Sys.,* 117 F.3d 242, 247 (5th Cir. 1997)).

In resolving a Rule 12(b)(6) motion, a court must determine "whether in the light most favorable to the plaintiff and with every doubt resolved on his behalf, the complaint states any valid claim for relief." *Gregson v. Zurich Am. Ins. Co.,* 322 F.3d 883, 885 (5th Cir.2003) (citation omitted). The complaint " 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor,* 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1965–65, 167 L.Ed.2d 929 (2007)).

### C.  Erie Guess

■ When a party institutes a lawsuit, the law of the state in which the party brings the suit shall govern, unless the Constitution or an act of Congress other-wise governs said suit. *See Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 78, 58 S.Ct. 817, 82 L.Ed. 1188 (1938) ("Except in matters governed by the Federal Constitution or by acts of Congress, the law to be applied in any case is the law of the state."); *see also Hyde v. Hoffmann–LaRoche, Inc.,* 511 F.3d 506, 510 (5th Cir.2007) (In a diversity action, "a federal court must apply federal procedural rules and the *substantive law of the forum state* ") (emphasis added).

Although the general rule is that a federal court sitting in diversity will apply the law of the state in which it sits, there are instances where the state has not addressed a particular question presented in a case. In those instances, the court may attempt an *"Erie* guess" to try and determine how the highest court of the state would rule on that issue. *See Travelers Cas. & Sur. Co. of Am. v. Ernst & Young LLP,* 542 F.3d 475, 482–83 (5th Cir.2008) ("When state law provides no definitive answers to the question presented, we must make an educated *'Erie* guess' as to how the Mississippi Supreme Court would decide the issue."); *see also Carrizales v. State Farm Lloyds,* 518 F.3d 343, 345 (5th Cir.2008) ("Because the Texas Supreme Court has not addressed whether Form B covers mold damage that results from plumbing leaks, we make an *'Erie* guess' as to how the state supreme court would decide the issue.").

When a court attempts to make an *"Erie* guess," it will "defer to intermediate state appellate court decisions, 'unless convinced by other persuasive data that the highest court of the state would decide otherwise,' and [it] 'may consult a variety of sources, including the general rule on the issue, decisions from other jurisdictions, and policy concerns.'" *Travelers,* 542 F.3d at 483 (internal citations omitted). The Court

will now address Plaintiffs' objections to the R & R in the present action.

## III. ANALYSIS

### A. R & R's Findings

After addressing the procedural history in this action, the Magistrate Judge discussed the standard of review for a Rule 12(b)(6) motion. R & R 820. In doing so, he stated that:

> [t]his is not a case where Defendant contends that Plaintiffs' allegations, taken as true, do not support recovery under a valid legal theory. Rather, Defendant seeks dismissal of Plaintiffs' cause of action for negligent and grossly negligent claims handling on the ground that these causes of action are not recognized under Texas law.

*Id.* He then stated that "[f]ederal courts are required to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), claims based on invalid legal theories, even though they may otherwise be well-pleaded." *Id.* (citing *Neitzke v. Williams,* 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)). In other words, the Magistrate Judge found that regardless of the facts Plaintiffs put forth regarding their claims of negligence and gross negligence, if legal recovery for those claims do not exist, then the Court should dismiss them.

The Magistrate Judge next discussed the *"Erie* guess" standard, and cited to several cases discussing its use. *Id.* at 820. He then discussed in detail the cases cited by both parties in support of their respective positions. *Id.* at 820–28. Ultimately, the Magistrate Judge concluded that "the Texas Supreme Court would not recognize a tort claim for negligent claim handling in the first party context as arising out of contractual duty owed by the insurer to its insured," and recommended that the Court grant Defendants' Motion. *Id.* at 829.

### B. Plaintiffs' Objections to R & R

Plaintiffs object to several portions of the R & R. Specifically, Plaintiffs argue: (1) that the Magistrate Judge applied the Rule 12(b)(6) standard incorrectly; (2) that the Magistrate Judge applied the *"Erie* guess" standard incorrectly; (3) that the Magistrate Judge incorrectly distinguished between state law first-party claims and state law third-party claims; (4) that the Magistrate Judge incorrectly applied state caselaw regarding negligent claims handling; and (5) that the Magistrate Judge incorrectly applied federal caselaw regarding negligent claims handling. Obj. ¶¶ 3–22. The Court will address Plaintiffs' objections below.

### C. De Novo Review of Plaintiffs' Objections

#### 1. Plaintiffs' Objection that the R & R Incorrectly Applied the Rule 12(b)(6) Standard

Plaintiffs first object that the Magistrate Judge incorrectly applied the Rule 12(b)(6) standard. Obj. ¶ 3. Specifically, Plaintiffs argue that the Magistrate Judge did not discuss certain tenets of a Rule 12(b)(6) motion, such as that courts rarely grant them, courts should liberally construe them in favor of a plaintiff, and that courts view them with disfavor. *Id.* ¶¶ 3–4 (citations omitted). Plaintiffs further argue that the Magistrate Judge failed to correctly apply Rule 12(b)(6) and instead utilized "a less favorable standard under which Plaintiffs can prevail only by overcoming some unspecified burden to demonstrate they have a viable claim." *Id.* ¶ 4.

In reviewing this objection, the Court agrees with Plaintiffs that the Magistrate Judge's R & R did not comprehensively set forth the legal standard relating to a court's consideration of a Rule 12(b)(6) mo-

tion. Therefore, the Court modifies the R & R to incorporate the Rule 12(b)(6) standard that it has previously discussed in the legal standard section of this Order.[1]

Although the Court amends the R & R in that regard, it disagrees with Plaintiffs that the Magistrate Judge analyzed their claim under a less favorable standard than a normal Rule 12(b)(6) motion. The Magistrate Judge specifically stated that regardless of the allegations Plaintiffs put forth regarding their claims for negligence and gross negligence, there is no recovery for negligent claims handling under Texas law. When a plaintiff institutes a claim for which there is no relief, then it naturally follows that a court may dismiss the claim pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted. Therefore, the Court finds that the Magistrate Judge did not analyze Plaintiffs' claim under a less favorable standard simply because he found that Texas does not recognize a cause of action for negligent claims handling, and that accordingly, Plaintiffs have failed to state a viable claim. The Court thus denies Plaintiffs' objection on this point.

### 2. Plaintiffs' Objection that the R & R Incorrectly applied the "Erie guess" Standard

In their second objection, Plaintiffs claim that, while the Magistrate Judge correctly laid out the standard for an *"Erie* guess," he nevertheless incorrectly applied the standard. Obj. ¶ 5. Specifically, Plaintiffs argue that "rather than trying to determine whether the Texas Supreme Court *would* recognize a cause of action for negligent claim handling, the Report instead concludes that this cause of action does not exist simply because it has not *already*

been recognized." *Id.* ¶ 6 (emphasis in original).

Although Plaintiffs have made this objection, the Court finds that because the Fifth Circuit has explicitly held that Texas law does not recognize a cause of action for negligent claims handling, there is no need for it to even attempt an *"Erie* guess" on this issue. In *Higginbotham v. State Farm Mutual Automobile Insurance Co.,* the Fifth Circuit stated that:

[Plaintiff] contends that the district court erred in granting summary judgment in favor of [Defendant] with respect to his negligence claim. Although the law has imposed a duty on the insurer to act in good faith and deal fairly with the insured, there is no duty beyond the contract itself. In order for a tort to arise out of a contractual duty, i.e. negligent failure to perform a contract, the liability must arise "independent of the fact that a contract exists between the parties." *United Serv. Auto. Assn. v. Pennington,* 810 S.W.2d 777, 783 (Tex.App.-San Antonio 1991, writ denied). If a defendant's conduct is actionable only because it breaches the parties' agreement, as is the case here, the claim is solely contractual in nature. In fact, in absence of the duty to act in good faith and deal fairly the only other duty imposed on an insurance company, under Texas law, is the duty to exercise ordinary care and prudence in considering an offer of settlement within the policy limits. *G.A. Stowers Furniture Co. v. American Indem. Co.,* 15 S.W.2d 544, 548 (Tex. Comm'n App.1929, holding approved). In essence, *Texas law does not recognize a cause of action for negligent claims handling. French v.*

---

1. *See generally supra,* pp. 814–15 (setting forth the legal standard relating to Rule 12(b)(6) motions).

*State Farm Insurance Co.*, 156 F.R.D. 159, 162 (S.D.Tex.1994).

103 F.3d 456, 460 (5th Cir.1997) (emphasis added).

In their objections, Plaintiffs question the precedential value of *Higginbotham* because they argue that the Fifth Circuit rendered its decision in that case before the Texas Supreme Court decided *St. Paul Surplus Lines Insurance Co., Inc. v. Dal–Worth Tank Co., Inc.*, 974 S.W.2d 51 (Tex. 1998), and (2) *Gulf Insurance Co. v. Burns Motors, Inc.*, 22 S.W.3d 417 (Tex.2000), two cases which they look to for support. Obj. ¶ 22. The Court, however, finds this argument unavailing because *Higginbotham* has not been overturned and is thus unquestionably of precedential value. Nevertheless, the Court notes that even *after* the Texas Supreme Court decided *St. Paul* and *Gulf*, the Fifth Circuit has held that Texas law does not recognize a cause of action for negligent claims handling. In *Northwinds Abatement, Inc. v. Employers Insurance of Wausau*, the Fifth Circuit stated that:

> [Defendant] argues that Texas law does not recognize causes of action for negligent claims handling or fraud in regard to the subject matter of the contract and that the jury's findings on those issues must be overturned. This is correct. In *Higginbotham v. State Farm Mut. Auto. Ins. Co.*, 103 F.3d 456, 460 (5th Cir.1997), this court recognized the absence of a cause of action for negligent claims handling under Texas law. Neg-

ligent claims handling is subsumed into breach of contract except in very limited circumstances. In examining whether an action sounds in contract or tort, the Texas Supreme Court has declared that "[i]f the defendant's *conduct* ... would give rise to liability independent of the fact that a contract exists between the parties, the plaintiff's claim may *also* sound in tort." *Southwestern Bell Tel. Co. v. DeLanney*, 809 S.W.2d 493, 494 (Tex.1991) (emphasis added).

258 F.3d 345, 352 (5th Cir.2001) (emphasis in original).[2] Additionally, district courts within the Fifth Circuit have recognized the same. *See Coachmen Indus., Inc. v. Willis of Ill., Inc.*, 565 F.Supp.2d 755, 773 (S.D.Tex.2008) ("Moreover, courts have expressly refused to recognize a cause of action for negligent claims handling under Texas law"); *see also Jimenez v. State Farm Lloyds*, 968 F.Supp. 330, 334 (W.D.Tex.1997) ("This Court finds that Texas law does not recognize any cause of action for negligent claims handling.").

█ The Fifth Circuit has clearly and unequivocally concluded that no cause of action exists under Texas law for negligent claims handling, and as such, the Court finds that it does not need to address Plaintiffs' remaining objections. Therefore, the Court finds that it should adopt the recommendation of the R & R and grant Defendants' Motion. Accordingly, Plaintiffs' claims for negligence and gross negligence should be dismissed for failure

**2.** Plaintiffs argue that, although the Fifth Circuit decided *Northwinds* after *St. Paul* and *Gulf Insurance*, it did not rely on recent Texas Supreme Court decisions for guidance in that decision. Obj. ¶ 22. The Court, however, declines to second-guess the analysis utilized by the Fifth Circuit in *Northwinds*, and simply notes that it again concluded that Texas does not recognize a cause of action for negligent claims handling. Because the Fifth Circuit did not find that *St. Paul, Gulf Insurance,* or

any other state court decision voided its holding that Texas does not recognize a cause of action for negligent claims handling, the Court will follow that holding as precedent. *See Ford v. Cimarron Ins. Co.*, 230 F.3d 828, 832 (5th Cir.2000) ("Therefore, a prior panel's interpretation of state law has binding precedential effect on other panels of this court absent a subsequent state court decision or amendment rendering our prior decision clearly wrong.").

to state a claim upon which relief may be granted.

## IV. CONCLUSION

Because the Fifth Circuit has consistently held that Texas law does not recognize a cause of action for negligent claims handling, the Court declines to now find that such a cause of action exists under the guise of an "*Erie* guess." Thus, the Court finds that, even viewing Plaintiffs' allegation of negligent claims handling in the light most favorable to them and resolving all doubt in their behalf, Plaintiffs have failed to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

Accordingly, **IT IS ORDERED** that the "Report and Recommendation of Magistrate Judge" (Docket No. 20) be **ADOPTED** as modified.

**IT IS FURTHER ORDERED** that Defendants' "Motion to Dismiss for Failure to State a Claim upon which Relief may be Granted" (Docket No. 8) is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiffs' negligence and gross negligence claims against Defendants are **DISMISSED WITH PREJUDICE.**

**FINALLY,** this Order has no bearing on Plaintiffs' remaining claims against Defendants.

## *REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE*

RICHARD P. MESA, United States Magistrate Judge.

This case has been referred pursuant to 28 U.S.C. § 636(b) and Appendix C of the Local Court Rules for review and preparation of a report and recommendation.

(Doc. 13). Before the Court is Defendant State Farm Fire and Casualty Company's Motion to Dismiss for Failure to State a Claim Upon Which Relief May Be Granted, (Doc. 8); Plaintiffs' Response, (Doc. 9), Defendant's Reply to Plaintiffs' Response, (Doc. 10), and Plaintiffs' Sur–Reply, (Doc. 12). After careful consideration of the parties' contentions, Texas case law and federal cases interpreting Texas law, the Court recommends the motion to dismiss be granted.

### I. *Procedural History*

This case was removed by Defendants [1] from state court on August 7, 2008, on the basis of diversity of citizenship. (Doc. 1). On August 18, 2008, State Farm filed a Motion to Dismiss for Failure to State a Claim Upon Which Relief May Be Granted. (Doc. 8). On September 2, 2008, Plaintiffs filed a Response in opposition to the motion to Dismiss. (Doc. 9). On September 5, 2008, State Farm filed a Reply to Plaintiffs' Response. (Doc. 10). On September 9, 2008, the District Court granted Plaintiffs' Unopposed Motion for Leave to File Sur-reply. (Docs. 11 & 12). On October 14, 2008, the District Court referred the motion to dismiss for review and preparation of a report and recommendation. (Doc. 13).

### II. *Discussion*

#### A. *Plaintiffs' Claims*

According to Plaintiffs' complaint, Curtis and Lidia Flynn purchased a single-family dwelling in Calvert City, Kentucky, in late 2006. About the same time, they purchased a homeowner's insurance policy from State Farm from an agent in Paducah, Kentucky. Plaintiffs informed the agent that their adult son, John Flynn,

---

1. Defendants, various entities operating under the State Farm name, will be referred to    herein as "State Farm" or "Defendant."

would continue to reside in the home after the purchase. On or about July 11, 2007, John Flynn returned home from a vacation trip and discovered the Calvert City residence had been burglarized and substantial personal property, valued at approximately $30,000, had been stolen. State Farm has refused to pay Plaintiffs' claim under the homeowner's insurance policy.

Plaintiffs allege: (1) breach of contract; (2) breach of the duty of good faith and fair dealing; (3) violation of the Texas Insurance Code (deceptive trade and unfair claims practices); (4) violation of the Texas insurance Code (unreasonable delay); (5) violation of the Texas Deceptive Trade Practices Act ("DTPA"); (6) negligence and gross negligence. Plaintiffs seek the following damages: unpaid indemnity loss of at least $29,490.40; mental anguish damages; various and other direct and consequential damages; reasonable and necessary attorney's fees; interest as damages for loss of use; penalties; treble damages pursuant to the insurance code and DTPA; punitive damages; and, all statutory damages and penalties imposed by the insurance code and applicable law.

### B. *Defendant's Motion to Dismiss*

State Farm moves for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) of Plaintiffs' claims of negligence and gross negligence[2] for failure to state a claim upon which relief may be granted on the ground that Texas courts do not recognize a cause of action for negligent claims

handling. Defendant argues that although the Texas Supreme Court has never addressed the issue specifically, other courts, i.e., Texas appellate courts and federal courts sitting in diversity cases, have refused to recognize a cause of action for negligent claims handling.

Plaintiffs counter that dismissal of these claims is not appropriate under Rule 12(b)(6) because the Texas Supreme Court would likely recognize a cause of action for negligent (and grossly negligent) first party claim handling arising from the insurer negligently investigating and adjusting its insured's claim for coverage. According to Plaintiff, the Texas Supreme Court has recognized such a cause of action in the third party context, and would also recognize a cause of action for negligent claims handling of a first party claim.[3] In support of this argument, Plaintiffs rely on two Texas Supreme Court decisions, and question the precedential value of the cases cited by Defendant.

In reply to Plaintiffs' response, Defendant first argues Plaintiffs' response is untimely because it was filed on September 2, 2008, which was beyond the August 29, 2008, deadline within which to file a response. Second, Defendant contends the authorities on which Plaintiffs rely are inapposite because they do not address the issue of negligent claims handling in the first party context. In their sur-reply, Plaintiffs defend the timeliness of their response[4] and reiterate the applicability of

---

**2.** Plaintiffs allege Defendant breached the common law duty of ordinary care in the handling of the claim in question, and was grossly negligent as defined by Chapter 41 of the Texas Civil Practices and Remedies Code. (Doc. 1, Pls' Orig. Pet., pp. 19–20).

**3.** A first party claim is one in which an insurer seeks recovery for the insured's own loss. A third party claim is one in which the insured seeks coverage for injuries to a third

party. *See Universe Life Ins. Co. v. Giles*, 950 S.W.2d 48, 54 n. 2 (Tex.1997).

**4.** The Court agrees with Plaintiffs that the 11–day deadline within which to file their response to Defendant's Motion to Dismiss was extended under Federal Rules of Civil Procedure 6(d) and 5(b)(2)(E) from August 29, 2008, to September 1, 2008. Because September 1, 2008, was Labor Day, the filing deadline was further extended to September

the Texas Supreme Court decisions to direct a finding that a cause of action for negligent (and grossly negligent) first party claims handling is available under Texas law.

## C. *Standard of Review for Motion to Dismiss under Rule 12(b)(6)*

This is not a case where Defendant contends Plaintiffs' allegations, taken as true, do not support recovery under a valid legal theory. Rather, Defendant seeks dismissal of Plaintiffs' causes of action for negligent and grossly negligent claims handling on the ground that these causes of action are not recognized under Texas law. Federal courts are required to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), claims based on invalid legal theories, even though they may be otherwise well-pleaded. *Neitzke v. Williams,* 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Such a claim must be dismissed, "without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." *Id.*

## D. *Application of the Standard to the Case at Bar*

### 1. The "Erie *guess*"

■ In diversity cases, federal courts apply the substantive law of the forum state. *Erie Railroad Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). "Because this case comes to us under diversity jurisdiction, we are *Erie* bound to apply Texas substantive law." *Kona Technology Corp. v. Southern Pacific Transp. Co.,* 225 F.3d 595, 602 (5th Cir.2000). In determining the state substantive law, federal courts "look to final decisions of the

highest court of the state." *Transcontinental Gas Pipe Line Corp. v. Transportation Ins. Co.,* 953 F.2d 985, 988 (5th Cir. 1992).

■ In this case, the parties agree the Texas Supreme Court has not addressed the specific question of whether Texas law recognizes a cause of action for negligent claims handling. "When there is no ruling by the state's highest court, it is the duty of the federal court to determine as best it can, what the highest court of the state would decide." *Id.* This process is referred to as the "*Erie* guess." *Travelers Cas. & Sur. Co. Of America v. Ernst & Young LLP,* 542 F.3d 475, 482–83 (5th Cir.2008).

■ In making this determination, the Court is guided by intermediate Texas appellate court decisions, so long as it is convinced the Texas Supreme Court would not decide the issue differently. *Id.* at 483; *FDIC v. Abraham,* 137 F.3d 264, 267–68 (5th Cir.1998). Moreover, when considering a governing question of state law, the Court should not disregard Fifth Circuit precedent interpreting the state law in question, absent a subsequent state court decision or statutory amendment which clearly shows the Fifth Circuit's prior decision was wrongly made. *FDIC v. Abraham,* 137 F.3d at 268–69.

### 2. The Case Law
#### a. Defendant's Cases

Defendant argues that under Texas law, tort claims have been found to arise out of the breach of an insurance carrier's contractual duty in only two instances: (1) when the insurer breaches its duty of good faith and fair dealing;[5] or, (2) when the

---

2, 2008, by Federal Rules of Civil Procedure 6(a)(3)and 6(a)(4)(a). Therefore, Plaintiffs' Response was filed timely on September 2, 2008. (Doc. 9).

**5.** An insurer breaches its duty of good faith and fair dealing when "the insurer had no reasonable basis for denying or delaying payment of [a] claim, and [the insurer] knew or

insurer fails to exercise ordinary care and prudence in considering an offer of settlement within the policy limits (the *Stowers* doctrine).[6] In support of its contention that Texas law does not recognize a cause of action for negligent claims handling, Defendant relies on two Texas appellate cases, two Fifth Circuit Court of Appeals cases and one district court case.

In *United Services Auto. Ass'n. v. Pennington*, 810 S.W.2d 777 (Tex.App.-San Antonio, 1991, writ denied), USAA refused to defend its insured under a homeowner's policy for claims of serious injuries sustained by Pennington, a third party, on the insured's property. Pennington obtained a judgment against the insured. The insured then assigned to Pennington his claim against USAA for failure to defend, in return for Pennington's agreement not to execute on the judgment against him. Pennington brought suit against USAA for breach of the contract by failing to defend its insured, violation of the DTPA, violation of the Texas Insurance Code, and negligent claim handling. The jury found USAA negligent and grossly negligent in its handling of the claim by refusing to defend its insured.

The San Antonio Court of Appeals observed that in order to be found liable in tort, the defendant must breach a duty imposed by law, rather than by contract. *Id.* at 783–84. That is, liability in tort must arise independent of the fact that a contract exists between the parties. *Id.* If a defendant's conduct is actionable only because it breaches the parties' agreement, the claim is solely contractual in nature. *Id.* The court stated, "Without the policy, USAA had no insured and no duty to defend. No legal duty of adhering to the contractual terms has been imposed by law." *Id.* at 783. In reversing the portion of the judgment based on tort, the court opined that, in the absence of pleadings and proof that the insurer failed to act in good faith and to deal fairly or that it negligently failed to accept a settlement, no tort liability arises. *Id.* at 784.

In *Wayne Duddlesten, Inc. v. Highland Ins. Co.*, 110 S.W.3d 85 (Tex.App.-Houston [1st Dist.] 2003, pet. denied), the appellant was an employer that obtained workers' compensation insurance from Highlands. The employer sued the insurer under several theories, alleging, *inter alia*, that the insurer had negligently settled and paid invalid claims (asserted against the employer) knowing the insurer would be reimbursed under the retrospective premium payment plan.[7] On appeal, the insured contended the trial court erred in granting the insurer's special exception to the negligence claim. The insurer argued Texas did not recognize a cause of action for negligent mishandling and settlement of claims. The Court of Appeals agreed, stating, "We are unwilling to expand the scope of an insurer's duties to the insured without express language from the Texas Supreme Court authorizing us to do so." *Duddlesten*, 110 S.W.3d at 97.

Defendant also relies on two Fifth Circuit Court of Appeals cases and one dis-

---

should have known that fact." *Universe Life Ins. Co. v. Giles*, 950 S.W.2d 48, 50–51 (Tex. 1997), citing *Transportation Ins. Co. v. Moriel*, 879 S.W.2d 10, 18 (Tex.1994).

6. *G.A. Stowers Furniture Co. v. American Indem. Co.*, 15 S.W.2d 544 (Tex. Comm'n App. 1929, holding approved) (when responding to settlement demands within the policy limits,

insurer, as agent of the insured, has duty to exercise the degree of care and diligence that an ordinarily prudent person would exercise in the management of his own personal business).

7. The premiums were adjusted according to amount of claims paid under the policy.

trict court case [8] in support of its motion to dismiss the cause of action for negligent claims handling. In *Higginbotham v. State Farm Mut. Auto. Ins. Co.*, 103 F.3d 456, 460 (5th Cir.1997), an insured brought suit against his automobile insurer alleging both contractual and extra-contractual causes of action (including a negligence claim) for denial of a theft and vandalism claim. The jury found for the insured on the breach of contract claim. The district court granted the insurer's motion for summary judgment on the extra-contractual claims, and the insured appealed.

The Fifth Circuit affirmed the summary judgment in favor of the insurer on the extra-contractual claims, finding no breach of the duty of good faith and fair dealing and no cause of action under Texas law for negligent claims handling. Addressing the duty component of the negligence claim, the court cited *Pennington* for the proposition that, under Texas law, tort liability must arise independently of the contractual duty, with only two exceptions: (1) the implied duty of good faith and fair dealing; and, (2) the *Stowers* duty to exercise ordinary care and prudence in considering an offer of settlement within the policy limits. *Higginbotham*, 103 F.3d at 460. The court cited *French v. State Farm Ins. Co.*, 156 F.R.D. 159 (S.D.Tex.1994),[9] stating, "In essence, Texas law does not recognize a cause of action for negligent claims handling." *Higginbotham*, 103 F.3d at 460.

In *Northwinds Abatement, Inc. v. Employers Ins. of Wausau*, 258 F.3d 345 (5th Cir.2001), an employer engaged in the business of asbestos removal sued Wausau for paying workers' compensation claims of Northwinds' employees without investigating them. Northwinds alleged fraudulent and bad faith settlement practices, breach of contract, negligence, and violations of the Texas DTPA and insurance code. On appeal, Wausau argued, *inter alia*, that Texas law does not recognize a common law cause of action for negligent claims handling. The Fifth Circuit agreed, citing *Higginbotham*. "Negligent claims handling is subsumed into breach of contract except under very limited circumstances." *Northwinds*, 258 F.3d at 352. "In examining whether an action sounds in contract or tort, the Texas Supreme Court has declared that '[i]f the defendant's *conduct* ... would give rise to liability independent of the fact that a contract exists between the parties, the plaintiff's claim may also sound in tort.'" *Id.*, quoting *Southwestern Bell Tel. Co. v. DeLanney*, 809 S.W.2d 493, 494 (Tex.1991). The court continued, "The Texas Supreme Court held [in DeLanney] that '[w]hen the loss or damage is to the subject matter of the contract, the plaintiff's action is ordinarily on the contract.'" *Northwinds*, 258 F.3d at 352. The court held a common law claim for negligent claims handling can not be sustained under Texas law. *Id.*

---

**8.** *Higginbotham v. State Farm Mut. Auto. Ins. Co.*, 103 F.3d 456, 460 (5th Cir.1997); *Northwinds Abatement, Inc. v. Employers Ins. of Wausau*, 258 F.3d 345 (5th Cir.2001); *French v. State Farm Ins. Co.*, 156 F.R.D. 159 (S.D.Tex.1994).

**9.** In *French*, State Farm denied a claim for coverage under an insured's uninsured/underinsured automobile policy. French sued in Texas state court, alleging breach of contract, breach of the duty of good faith and fair dealing and violations of the Texas insurance

Code against State Farm. French also alleged a cause of negligent claims handling against the State Farm adjuster who handled the claim. State Farm removed, contending the adjuster, a non-diverse defendant, was fraudulently joined for the purpose of defeating diversity jurisdiction. French moved to remand. In denying the motion to remand, the district court held French had no viable tort action under Texas law for the negligent handling of his claim. *French*, 156 F.R.D. at 162.

### b. *Plaintiffs' Cases*

In response to Defendant's arguments, Plaintiffs cite two Texas Supreme Court decisions, *St. Paul Surplus Lines Ins. Co., Inc. v. Dal–Worth Tank Co., Inc.*, 917 S.W.2d 29 (Tex.App.-Amarillo 1995), *aff'd in part and rev'd in part*, 974 S.W.2d 51 (Tex.1998), and *Gulf Ins. Co. v. Burns Motors, Inc.*, 22 S.W.3d 417, 424 (Tex. 2000), for the proposition that "the Texas Supreme Court would likely recognize the cause of action at issue, namely, negligent (and grossly negligent) claims handling in regard to an insurer's investigation and adjusting of a claim for coverage made by an insured." (Doc. 9, p. 2, ¶ 5).

### (1). *St. Paul*

In *St. Paul Surplus Lines Ins. Co., Inc. v. Dal–Worth Tank Co., Inc.*, 917 S.W.2d 29 (Tex.App.-Amarillo 1995), *aff'd in part and rev'd in part*, 974 S.W.2d 51 (Tex. 1998), the insured, Dal–Worth, a maker of propane tanks, had obtained product and work liability insurance from St. Paul. Dal–Worth received notice from Mission Butane that it intended to sue for damages arising out of roll-over accidents involving trucks Mission had purchased from Dal–Worth. After discussing the claim with Dal–Worth, St. Paul concluded Dal–Worth was not liable and refused to pay.

Mission then sued Dal–Worth. St. Paul disputed ever receiving the suit papers and did not inquire whether suit had actually been filed. Dal–Worth did not answer the lawsuit and Mission eventually obtained a default judgment. Subsequently, without taking steps to protect Dal–Worth's rights, St. Paul informed Dal–Worth it would deny coverage. Thereafter, Dal–Worth brought suit against the insurer and the insurer's agent for damages arising from the insurer's failure to defend and indemnify, resulting in the entry of default against Dal–Worth and its eventual declaration of bankruptcy. After a four-week trial, the jury found, *inter alia*, that St. Paul "was negligent in the handling of the Mission claim and lawsuit against Dal–Worth which was a proximate cause of damages to Dal–Worth." *St. Paul*, 917 S.W.2d at 53.

On appeal, St. Paul relied on *Pennington* in support of its contention that the trial court erred in submitting a jury question on negligent claims handling because it inquired into the breach of a duty which does not exist under Texas law, and there was no guiding instruction concerning the failure to settle the matter within the policy limits. *Id.* at 53. The Amarillo Court of Appeals opined, "St. Paul's sweeping statement, based upon a holding in *Pennington*, that 'Texas law does not impose upon St. Paul the duty to handle claims in a non-negligent manner,' is too broad." Overruling the point of error, the court explained:

> "To the contrary, it is settled that the special relationship between an insured and an insurer imposes upon the insurer a duty to investigate thoroughly and in good faith. *Viles v. Security Nat'l Ins. Co.*, 788 S.W.2d 566, 568 (Tex.1990). Hence any negligence on the part of St. Paul or its agent in the investigation, preparation for defense of the lawsuit, trial of the cause, and reasonable attempts to settle, would support a cause of action for damages. *Ranger County Mut. Ins. Co. v. Guin*, 723 S.W.2d 656, 659 (Tex.1987)."

*Id.*, 917 S.W.2d at 54. The court of appeals reversed the award of future lost profits, affirmed the rest of the judgment, and ordered remand for recalculation of the total award. *Id.*, 917 S.W.2d at 64.

All parties appealed to the Texas Supreme Court. *St. Paul Surplus Lines Ins. Co., Inc. v. Dal–Worth Tank Co., Inc.*, 974 S.W.2d 51, 52 (Tex.1998). The Texas Su-

preme Court began its opinion by stating that "[o]f the numerous issues raised by all parties, we address only whether the court of appeals erred in its rulings concerning a Mary Carter agreement, damages for loss of credit reputation, whether the defendant acted knowingly, prejudgment interest, and attorney fees." *St. Paul Surplus Lines Ins. Co., Inc. v. Dal–Worth Tank Co., Inc.,* 974 S.W.2d 51, 52 (Tex.1998). The court held: (1) St. Paul had not preserved error on the alleged Mary Carter agreement; (2) there was no evidence to support an award for Dal–Worth's loss of credit reputation; (3) there was no evidence St. Paul acted knowingly; (4) prejudgment interest had been computed incorrectly; and, (5) there was no error in the attorney fees awarded. *Id.* at 53–55.

In the case at bar, Plaintiffs rely on both the Texas Supreme Court's decision in *St. Paul,* as well as the appellate decision below. First, Plaintiffs assert the Texas appellate court's language in *St. Paul* "expressly rejected the argument that there is no duty under Texas law for the insurer to handle claims in a non-negligent manner." (Doc. 9, p. 3 ¶ 6). The specific language (in the *St. Paul* appellate opinion) on which Plaintiffs rely cites to Texas Supreme Court's opinion in an earlier case, *Ranger County Mut. Ins. Co. v. Guin,* 723 S.W.2d 656 (Tex.1987). For the reasons below, this Court does not accept Plaintiffs' broad reading of the effect of this language.

First, the sweeping *Ranger* language involved a *Stowers* claim and was later treated by the Texas Supreme Court as dictum. *American Physicians Ins. Exchange v. Garcia,* 876 S.W.2d 842, 849 (Tex.1994) (the only negligence claim presented in *Ranger* was a *Stowers* claim; evidence

concerning claims investigation, trial defense and conduct during settlement negotiations is necessarily subsidiary to the issue of whether the claimant's demand was reasonable under the circumstances, such that an ordinarily prudent insurer would accept it); *State Farm Mutual Automobile Ins. Co. v. Traver,* 980 S.W.2d 625, 628 (Tex.1998) (stating the language in *Ranger* "about the scope of the insurer's responsibilities was dict[um]"). Second, the appellate court's statement in *St. Paul* that immediately precedes the cited *Ranger* dictum,[10] comes from a case that addressed the cause of action for breach of the duty of good faith and fair dealing.

In *Viles v. Security Nat'l Ins. Co.,* 788 S.W.2d 566 (Tex.1990), homeowners sued their insurer for breach of contract and breach of the duty of good faith and fair dealing in denying their first party claim. The jury found for Viles on the basis of breach of the duty of good faith and fair dealing and awarded exemplary damages. On appeal, the court of appeals reversed. The appellate court held that because Viles did not obtain a jury finding as to compliance with the proof of loss provision contained in their homeowner's policies, or a waiver thereof, Viles could not maintain a suit for breach of the duty of good faith and fair dealing.

Reversing, the Texas Supreme Court addressed the specific issue of whether an action for the breach of the duty of good faith and fair dealing is barred because of the insured's failure to file a proof of loss form within the time period required by the insurance contract. *Id.,* 788 S.W.2d at 566. The Texas Supreme Court found that failure to comply with a contract condition, if not waived by the insurer, bars a

---

**10.** "To the contrary, it is settled that the special relationship between an insured and an insurer imposes upon the insurer a duty to investigate thoroughly and in good faith." *St.*

*Paul,* 917 S.W.2d at 54, citing *Viles v. Security Nat'l Ins. Co.,* 788 S.W.2d 566, 568 (Tex. 1990).

breach of contract claim, it is not controlling as to the question of breach of the duty of good faith and fair dealing. *Id.* at 567. The court stated, "Our decision today promotes and preserves the policies underlying our recognition of a common-law tort for the breach of the duty of good faith and fair dealing." *Id.* at 568. Four justices joined in a concurring opinion that questioned the wisdom of the holding because it went beyond the facts of the case and suggested "a breach of the duty of good faith and fair dealing may occur even when there has been no breach of contract." *Id.* at 568.

Thus, while an argument can be made that the appellate court in *St. Paul* concluded negligence claims can sometimes be asserted in the claims-handling context, this is not enough to carry the day. Based on the Texas Supreme Court's subsequent limitation of the *Ranger* dictum, as well as the concerns expressed by the concurring judges in *Viles,* it appears the underpinnings of the *St. Paul* appellate opinion have been weakened.

However, Plaintiffs also rely on language in the Texas Supreme Court's *St. Paul* opinion. *St. Paul Surplus Lines Ins. Co., Inc. v. Dal–Worth Tank Co., Inc.,* 974 S.W.2d 51, 52 (Tex.1998). Plaintiffs argue the Texas Supreme Court held "the insurer acted negligently in investigating the third-party claim, and specifically confirm[ed] the validity of the corresponding negligence cause of action."[11] Plaintiffs quote the opinion as follows: "St. Paul did not do all it should have done to determine whether Dal–Worth had been sued [which was] evidence of negligence." (Doc. 9, p. 3. ¶ 6 n. 10).

This Court does not agree with Plaintiffs' interpretation. In fact, the Texas Supreme Court narrowly held: (1) St. Paul had not preserved error on the alleged Mary Carter agreement; (2) there was no evidence to support an award for Dal–Worth's loss of credit reputation; (3) there was no evidence St. Paul acted knowingly; (4) prejudgment interest had been computed incorrectly; and, (5) there was no error in the attorney fees awarded. *Id.* at 53–55. Addressing the issue of whether St. Paul acted knowingly, the court stated that while there was evidence of misconduct by St. Paul (in not doing all it should have done to determine whether Dal–Worth had been sued and by not taking immediate steps to set aside the default judgment), there was no evidence that it knew it was acting falsely, deceptively, or unfairly toward Dal–Worth. *Id.* at 54. Thus, the award of statutory damages under the DTPA and treble damages under the insurance code was reversed. *Id.* This Court does not interpret the holding of *St. Paul* as specific confirmation that the Texas Supreme Court recognized the validity of a separate tort cause of action for negligent claims handling.[12]

---

**11.** Plaintiffs further contend that, although the investigation at issue in *St. Paul* concerned a third-party claim against an insured, there is no principled distinction between the two that would support recognizing a cause of action for negligent claim handling in one context but not the other.

**12.** Plaintiffs also point to the Texas Supreme Court's statement, that "Because our rulings and those of the court of appeals have reduced Dal–Worth's recovery under the DTPA and the Insurance Code, Dal–Worth may elect to recover instead for negligence." (*Id.* at 55) as proof that the court "specifically confirmed the validity of the, corresponding negligence cause of action." (Doc. 9, p. 3 ¶ 6 n. 11). This language is found in a concluding paragraph addressing the decision's effect upon consideration on remand of issues related to Dal–Worth's recovery. Certain issues had not been addressed by the appellate court because Dal–Worth had elected to recover under the insurance code. As it is not the holding of the case, this Court does not read the language as specifically confirming the existence of a new

### (2). *Gulf*

In *Gulf Ins. Co. v. Burns Motors, Inc.*, 22 S.W.3d 417, 424 (Tex.2000), the Texas Supreme Court addressed the question of "whether an insurance agency agreement obligates the signatory insurance companies to indemnify their agent for an agreed judgment rendered against the agent because of his misrepresentations to an insured." *Id.* at 419. The insured, Burns Motors, had purchased policies from Gulf and Select through an independent agent. Dissatisfied customers sued Burns. While defending the lawsuits, Burns learned the policies did not cover the liability alleged in the suits or the cost of defending them. Burns did not sue Gulf or Select, but instead sued the independent agent, alleging breach of a fiduciary duty, common law negligence, common law fraud, and violations of the DTPA and the Texas Insurance Code.

Four years later, the agent entered into an agreed judgment finding him liable for an amount equal to the damages awarded to Burns' dissatisfied customers, plus additional damages under the DTPA and attorney's fees. Subsequently, the agent assigned to Burns his claims against Gulf and Select for contribution and indemnity. Burns and the agent also entered into a covenant not to execute on the agreed judgment.

Burns, as assignee, then sued Gulf and Select for all sums the agent was obligated to pay under the agreed judgment. Gulf and Select moved for summary judgment contending, *inter alia*, there was no indemnification for the agent's knowing misrepresentations and the assignment was

barred by public policy. The trial court entered a take-nothing judgment for Gulf and Select.

Burns appealed. The appellate court reversed and remanded, holding there was a question of fact, created by an ambiguity in the contractual indemnity provision of the agreement between the independent agent and the insurance companies, that precluded summary judgment. The court also found the assignment to Burns of the contribution and indemnity claims was not void as against public policy. Gulf and Select then appealed the reversal of the grant of summary judgment.

The Texas Supreme Court determined the contractual indemnity provision [13] unambiguously excluded indemnification under the circumstances of the case because the agreed judgment between Burns and the agent provided that the agent "knowingly" misrepresented coverage. In finding the agent's affidavit (stating he merely passed on misinformation from Gulf and Select) did not create a fact issue, the court stated, "That possibility would be relevant if Burns sued Gulf and Select directly for negligent claim handling or fraud." *Id.* at 424. Plaintiffs contend this passage, although dictum, expressly acknowledges and recognizes the availability of a cause of action for negligent claims handling.

Defendant counters that neither *Gulf* nor *St. Paul* address the issue of negligent claims in a first party context. *Gulf* is a contract interpretation case that analyzes whether an insurance agency agreement obligates the insurance companies to in-

---

extra-contractual cause of action for negligent claims handling. Following remand, the parties jointly moved for, and were granted, dismissal pursuant to an agreed judgment. *St. Paul Surplus Lines Ins. Co., Inc. v. Dal–Worth Tank Co., Inc.*, 1999 WL 250728 (1999).

**13.** The provision provided Gulf and Select would indemnify their agent for errors in handling business, "except to the extent [their] Agent has caused, contributed to or compounded such error." *Gulf*, 22 S.W.3d at 423.

demnify their agent for an agreed judgment rendered against the agent because of the agent's misrepresentations to the insured at the time the insured purchased the policies. *Gulf,* 22 S.W.3d at 419. Since the underlying dispute between the insured, Burns Motors, and the agent involved third party claims against Burns, Defendant posits the Texas Supreme Court dicta, upon which Plaintiffs relies, refers to Burns' potential cause of action for negligent third party claims handling, not a future intent to recognize a cause of action for negligence in first party claims handling. Likewise, Defendant argues *St. Paul* also analyzes negligence in the context of handling third party claims. Defendant maintains there is no recognized cause of action for negligent claims handling in the first party context.

It appears to the Court that Defendant has the better argument. No Texas cases expressly hold that Texas law recognizes an extra-contractual cause of action for negligent claims handling, in either first or third party claims. Even if this Court were to accept, *arguendo,* Plaintiffs' assertion, based on the appellate opinion in *St. Paul* and Texas Supreme Court dictum in *St. Paul* and *Gulf,* that Texas recognizes the existence of a cause of action for negligent claims handling in the third party context, this is not enough. It does not automatically follow that the Texas Supreme Court is willing to recognize an extra-contractual cause of action, in addition to that arising from the breach of the duty of good faith and fair dealing, for negligent claims handling in the first party context.

Moreover, federal cases in this Circuit interpreting Texas law in the context of both first and third party claims have found Texas does not recognize a cause of action for negligent claims handling. In a first party claim suit filed by a homeowner

against her insurance company for foundation damage, the insurer moved for summary judgment on the ground that Texas law did not give rise to a separate cause of action for negligent claim handling. *Quinn v. State Farm Lloyds,* 2006 WL 1470188 (S.D.Tex.2006). Citing *Northwinds* as authority recognizing the absence of such a cause of action under Texas law, the district court agreed, and granted the motion for summary judgment. *Quinn,* 2006 WL 1470188 at *2. Other first party claim cases have similarly stated Texas law does not recognize a cause of action for negligent claims handling. *Higginbotham v. State Farm Mut. Auto. Ins. Co.,* 103 F.3d 456, 460 (5th Cir.1997); *French v. State Farm Ins. Co.,* 156 F.R.D. 159, 162 (S.D.Tex.1994) (involving insured's claim under his uninsured/underinsured motorist coverage); *Jimenez v. State Farm Lloyds,* 968 F.Supp. 330 (W.D.Tex.1997).

### c. Plaintiffs' Attempts to Distinguish Defendant's Cases

Plaintiffs argue *Higginbotham* and *French* are of questionable precedential value because they were decided before *St. Paul* and *Gulf.* Plaintiffs also contend that *Pennington,* which declined to recognize a claim for an insurer's "negligent handling of [a] claim by wrongfully refusing to defend its insured," is of questionable continuing precedential value because it was decided before *St. Paul* and *Gulf.* Further, Plaintiffs contend the recent Fifth Circuit decision in *Northwinds* is distinguishable because it did not look to *St. Paul* and *Gulf* for guidance. Thus, Plaintiffs contend *Northwinds* should be narrowly construed and limited to its specific facts. These arguments are resolved by this Court's determination that neither *St. Paul* nor *Gulf* is dispositive of the issue at bar. In addition, the *Northwinds* decision was cited very recently for the proposition that "courts have expressly refused to rec-

ognize a cause of action for negligent claims handling under Texas law." *Coachmen Indus., Inc. v. Willis of Ill., Inc.*, 565 F.Supp.2d 755, 773 (S.D.Tex.2008).

■ Additionally, Plaintiffs argue *Pennington* and *Duddlesten* are of limited precedential value because they are not Texas Supreme Court cases. The law is clear that in making its *Erie* guess, this Court will defer to intermediate state appellate court decisions, "unless [the Court] is convinced by other persuasive data that the highest court of the state would decide otherwise." *Travelers Cas. & Sur. Co. v. Ernst & Young LLP*, 542 F.3d at 483, citing *Herrmann Holdings Ltd. v. Lucent Tech. Inc.*, 302 F.3d 552, 558 (5th Cir. 2002).

### III. *Conclusion*

Finding no Texas cause of action for negligent claims handling, the Fifth Circuit explained in *Ford v. Cimarron Ins. Co., Inc.*, 230 F.3d 828 (5th Cir.2000):

> "We are a 'strict stare decisis court. [Thus], ... one panel of this court cannot disregard, much less overrule, the decision of a prior panel.' *FDIC v. Abraham*, 137 F.3d 264, 268 (5th Cir. 1998). This rule remains immutable even when the prior panel's decision involved the interpretation of state law because, '[s]uch interpretations are no less binding on subsequent panels than are prior interpretations of federal law.' *Id.* (citing *Broussard v. Southern Pac. Transp. Co.*, 665 F.2d 1387, 1389 (5th Cir.1982) (en banc)). Therefore, a prior panel's interpretation of state law has binding precedential effect ... absent a

subsequent state court decision or amendment rendering our prior decision clearly wrong. *See Abraham*, 137 F.3d at 269."

*Ford*, 230 F.3d at 832.

Furthermore, when determining the substantive law to be applied in a diversity case, it is not the role of this Court to shape or guide Texas law. *Ford*, 230 F.3d at 832 n. 4. Rather, when the highest state court has not spoken on the issue, this Court must determine as best it can what the Texas Supreme Court would decide if faced with the same question. *Transcontinental Gas Pipe Line Corp.*, 953 F.2d at 988. Plaintiffs' have not provided a sufficient basis for this Court to find that the Texas Supreme Court would recognize a cause of action for negligent claims handling in the first party context. *Obiter dictum* in third party claims cases is not enough to persuade this Court that the Texas Supreme Court would further expand extra-contractual tort causes of action to include negligent claims handling in the first party context.

Acceptance of Plaintiffs' position also would result in this Court disregarding Fifth Circuit precedent. This Circuit's case law unanimously agrees that "courts have expressly refused to recognize a cause of action for negligent claims handling under Texas law."[14] Other district courts interpreting Texas law on this issue have similarly found no cause of action for negligent claims handling.[15] Plaintiffs have not convinced this Court that a subsequent Texas court decision calls into question the correctness of the Fifth Cir-

---

14. *Northwinds Abatement, Inc. v. Employers Ins. of Wausau*, 258 F.3d 345, 352 (5th Cir. 2001); *Ford v. Cimarron Ins. Co., Inc.*, 230 F.3d 828, 832–33 (5th Cir.2000); *Higginbotham v. State Farm Mut. Auto. Ins. Co.*, 103 F.3d 456, 460 (5th Cir.1997).

15. *Quinn v. State Farm Lloyds*, 2006 WL 1470188 at *2 (S.D.Tex.2006); *Jimenez v. State Farm Lloyds*, 968 F.Supp. 330, 334 (W.D.Tex.1997); *French v. State Farm Ins. Co.*, 156 F.R.D. 159, 162 (S.D.Tex.1994).

cuit's interpretation of Texas law. After careful review of Texas case law and federal court cases interpreting and applying Texas law, this Court concludes the Texas Supreme Court would not recognize a tort claim for negligent claim handling in the first party context as arising out of contractual duty owed by the insurer to its insured.

IV. *Recommendation*

Based on the foregoing, it is recommended to the District Judge that the motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), Plaintiffs' claims of negligence and gross negligence be GRANTED.

SIGNED and ENTERED this 12th day of January, 2009.